## STATE v. GEORGE ADDY.

1. The practice of suspending sentence after conviction of crime is, under some circumstances, justifiable.
2. If the court exact of the defendant, as the condition of a so-called suspension of sentence, that which it could legally command only as a part of its final judgment, and the defendant comply with such condition and be discharged, the exaction will be regarded as a sentence, and the power of the court over the defendant will be exhausted.

On *habeas corpus.*

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the petitioner, *Thos. D. Hoxsey.*

The opinion of the court was delivered by

DIXON, J. The petitioner was, at the September Term, 1877, of the Passaic Sessions, convicted upon an indictment for maintaining a nuisance by obstructing a culvert over a water-course so that a highway was overflowed. After the verdict, the minutes show the following action of the court: "The defendant being placed at the bar for sentence, the court do order and adjudge that sentence be suspended on payment of the costs of this prosecution, so long as the defendant shall keep the culvert complained of clear and unobstructed, and shall do whatever else may be necessary to abate the nuisance of which he stands convicted." Thereupon the defendant paid

the costs, and, under the direction of the sheriff, abated the nuisance, and was discharged.

On the 3d day of April, 1880, the court took the following action, as shown by the minutes: "The defendant being placed at the bar for sentence, the court do order and adjudge that he, the said defendant, be confined in the county jail for the term of thirty days, and pay the costs of this prosecution." This action seems. to have been based upon the ground that the defendant did not keep the culvert clear.

Being imprisoned under this determination, the petitioner sued out a writ of *habeas corpus*, and he now insists that his imprisonment was illegal, the order therefor being void, because the power of the court over him was exhausted by the proceedings had in September, 1877.

Whether he is right in this position is the main question to be here decided.

The practice of suspending sentence in criminal cases has long been in vogue in this as well as other states. In *Commonwealth* v. *Dowdican's Bail*, 115 *Mass.* 133, Chief Justice Gray speaks of it as common in Massachusetts, and as recognized by statute there, and says that an order to that effect is not equivalent to a final judgment, or to a *nolle prosequi*, or discontinuance, by which the case is put out of court, but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the docket, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment thereon. Upon the other hand, in *People* v. *Morrisette*, 20 *How. Pr.* 118, Justice Balcom denied the power of the court to suspend sentence indefinitely in any case, unless an application for new trial, or motion in arrest of judgment, or other legal proceeding by way of review, were pending, and regarded its exercise in other cases, provided the defendant was discharged from imprisonment, as a *quasi* pardon, which could lawfully be granted only by that body in whom the pardoning power was vested. But it is not a complete objection to a claim of au-

thority on behalf of the courts, that its use is equivalent to a pardon. This is the effect of the acquittal of a confessedly guilty accomplice; and yet an order of the court directing such an acquittal upon a proper occasion, is easily defensible, on grounds of public policy. *State* v. *Graham*, 12 *Vroom* 15.

It would seem that it is stating the matter too broadly to assert that it is always the imperative duty of a court to render judgment upon a conviction of crime, unless some legal proceeding for review be interposed. Considerations of public policy may induce the court to stay its hand.

But this view does not meet the difficulties of the present controversy. Here, the complaint is, not that the court suspended sentence, but that, after seeming to do so, it proceeded to judgment. If the order of September, 1877, is to be regarded as a mere stay, and the before-mentioned opinion of Chief Justice Gray is correct, the sentence passed in April, 1880, was legal. But this earlier order cannot in justice, I think, be so considered. It, in effect, required of the defendant that he should pay the costs of prosecution and abate the nuisance, as the condition of his escaping further punishment. Although it did not, in terms, command these things to be done, yet it presented to the defendant such an alternative in case of his non-compliance, that it was scarcely in human nature for him to refuse obedience. For the court had the right, not only to exact what this order impliedly enjoined, but to fine and imprison besides, and of course the defendant would yield to the lesser penalty rather than provoke a greater. Substantially, then, this was an order of the court that the defendant abate the nuisance and pay the costs. Now, in what way could the court legally require the abatement of the nuisance? Only by its sentence upon the verdict. That the nuisance be abated is regularly a part of the judgment upon conviction. *Bac. Abr.,* "*Nuisances,*" D, "*Highways,*" E; *Rex* v. *Pappineau, Strange* 686; *State* v. *M. & E. R. R. Co.,* 3 *Zab.* 360; *Att'y-Gen.* v. *N. J. R. R. & T. Co.,* 2 *Green Ch.* 136; *Freeholders of Bergen* v. *State,* 13 *Vroom* 263.

And in *King* v. *Stead,* 8 *T. R.* 142, where the Sessions had

issued a precept for abatement of the nuisance after conviction and before judgment, Lord Kenyon declared the precept to be a novelty.

The present question, therefore, amounts to this: whether, when the court has exacted of the defendant upon his conviction what it can legally require only by judgment, can it, at a subsequent term, proceed to inflict the remainder of what it might have imposed by its sentence originally? Suppose the court had ordered that if the defendant would pay a fine of $500, it would suspend sentence so long as he behaved himself; could the court, after the payment, pass sentence upon him, even to the full extent of the statutory penalty? or could it exercise any further power at all over the defendant? And yet, its authority to fine is of the same character as that to abate the nuisance—one to be exercised by judgment only. Such a course seems to me not to differ in substance from the passing of two sentences at different terms upon one conviction of a single offence; and I think no case can be found warranting it. To show that a single sentence exhausts the power of the court to punish the offender, after the term is ended or the judgment has gone into operation, reference need only be made to the recent decisions in *Ex parte Lange*, 18 *Wall.* 163; *Commonwealth* v. *Foster*, 122 *Mass.* 317, and the authorities there cited. In *State* v. *Gray*, 8 *Vroom* 368, Justice Van Syckel, in this court, speaking of an erroneous criminal sentence, said "the court which rendered the judgment cannot vacate it or render a new judgment after the term at which it was pronounced is ended or the judgment is executed and the punishment partly borne." In *Commonwealth* v. *Mayloy*, 57 *Penna. St.* 291, the same principle was maintained, although, concurrently with the first sentence, a rule to reconsider was entered, and the second penalty was lighter than the first.

Nor does it obviate the objectionable features of this procedure to declare the first action unlawful and to uphold the subsequent formal and avowed sentence. In *Ex parte Lange*, and in *State* v. *Gray*, *ubi supra*, the first judgments were

Cowenhoven v. Collector.

erroneous in substance, and yet it was considered that after they had been partly executed the court had no power to vacate them for the purpose of imposing the legal penalty. But here, the substance of the order was warranted in law; if the court had formally adjudged that the defendant should abate the nuisance and pay the costs, it would have been unexceptionable. It should seem, therefore, *a fortiori*, that where the court has made an order tantamount to such legal judgment and the defendant has complied with it, its mere informality ought not to justify the state in claiming a second sentence. The citizen cannot be so put twice in jeopardy. By submitting to the demands of the court he pays the penalty of his offence once for all, and the power of the state to punish him therefor is exhausted.

The conclusion, therefore, is that in September, 1877, the Sessions did substantially render judgment on the conviction, that its declaration that sentence was suspended was contrary to the fact, and reserved no power to the court for the further punishment of the offender, and hence that its action in April 1880, was unwarranted and void, and did not legalize the defendant's imprisonment.

The petitioner consequently is entitled to be released on *habeas corpus*, and it is so ordered.