# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

## WINSTEAD v. BINGHAM.[*]

*(Circuit Court, N. D. Georgia. August, 1882.)*

1. MORTGAGE LIENS—ASSIGNMENT OF.

In regard to the assignment of mortgage liens the law of Georgia does not differ from the general rules of law and equity, and therefore, in that state, a transfer by delivery of a promissory note payable to bearer and secured by mortgage, carries with it the mortgage lien, so that the holder of the note may foreclose the mortgage by suit in equity in his own name, and without making the mortgagee a party.

2. ARTICLE 1996, CODE OF GEORGIA.

The article 1996 of the Code of Georgia does not in any way provide for mortgage liens.

PARDEE, C. J. The bill in this case is for the foreclosure of a mortgage given by defendant to one Freeman, executor, to secure the payment of a note of even date therewith payable to bearer. The hearing is on the merits, and the proof consists of the notes in question, produced by complainant, and the mortgage duly executed as set forth in the bill. Neither note or mortgage show any assignment in writing, and the question for decision is whether, in such a case, under the law of Georgia, the bearer of the note takes any title sufficient to foreclose the mortgage in his own name.

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

v.14,no.1—1

At common law and in equity it is well settled that the incidents follow the principal, and that the transfer of a note secured by a mortgage carries with it the mortgage security; so that the transfer by delivery of a note payable to bearer, will transfer the mortgage given to secure the note. And the law of Georgia is the same, unless there has been a change made by some statute of the state. See 9 Ga. 86; 32 Ga. 228.

The statute claimed to have made this innovation is the act of 1873. Sess. Acts 1873, pp. 42 to 47. Section 21, the last of the act, is to the effect that "all liens herein provided for may be assigned by writing and not otherwise, and under such assignment the assignee shall have all the rights of the assignor as regulated by this act." An examination of the entire act shows that the first section declares certain liens to be established, among which is the lien by mortgage. The second section provides for the superiority of liens for taxes,—first for the state, secondly for counties, and thirdly for municipalities. The third section is to the effect that certain liens, to-wit, in favor of judgment creditors, of mortgage creditors, and in favor of the state for costs, shall remain as under existing laws, except when altered by the subsequent provisions of the act. The remaining and subsequent sections relate in no manner to provisions for the mortgage lien, and in no way alter the mortgage lien. No adjudicated cases from the supreme court of Georgia are cited where the last section of the act in question, or section 1996 of the Code to the same purport, have been construed so as to cover assignments of mortgages.

The case of *Dalton City Co.* v. *Johnson,* 57 Ga. 398, cited by counsel for defendant, throws no light on the question; the notes sued on contained no negotiable words, and there was no assignment proved in writing or otherwise.

The case of *Turk* v. *Cook,* 63 Ga. 681, referred to, is not in point. That was a suit brought on an open account, without an assignment in writing.

The case of *Planters' Bank* v. *Prater,* 64 Ga. 609, cited, would cover the case, had the question under consideration been before the court. That was a suit brought on an absolute conveyance of real estate, with a bond to reconvey on the payment of certain notes payable to order, which notes were not indorsed, but were transferred by delivery. *Jackson,* Justice, in giving the opinion of the court, says:

"It will be remarked that the note itself was only transferred by delivery to the bank, though payable to the order of Matthews & Co., and therefore that the question *does not arise* whether the transfer of the legal title to the note carried with it in equity the conveyance of the land as a security. It might well be doubted that if it had been indorsed it would carry an absolute deed to the land, such as this transaction is made by our statute, over to the indorsee. Code, §§ 1969, 1970."

The learned justice then proceeds:

"And even if the transaction made a mortgage, it would seem that under the act of 1873 (Acts 1873, pp. 42–47; Code, § 1996) the assignment must be made in writing to be valid, inasmuch as the twenty-first section of that act declares 'that all liens herein provided for may be assigned by writing and not otherwise;' and mortgages are provided for in that act."

This is clearly an *obiter dictum*, and not sound as a conclusion of abstract law. The words "herein provided for" and "herein referred to" are not the same in meaning, and yet Judge Jackson's *dictum* would make them so. From inquiry of my brethren more familiar than myself with Georgia practice, I am informed that it is not considered at the bar that the act referred to as section 1996 of the Code applies to mortgages.

It seems to me to be clear that the terms of the third section expressly exclude mortgages from the effects of the act. It in effect declares that the first two sections shall not affect mortgages, which are to remain as under existing laws. The remaining sections of the act do not provide for mortgage liens. In fact, taking the act as a whole, it is difficult to see how it in any way provides for mortgage liens. These liens existed before, and unless the last section affects them, nothing has been added and nothing taken away. Every other lien referred to in the act is a statutory lien, and may be said to have been provided for by the act; and the reason for including mortgages in the restriction placed on assignments of liens provided for in the act fails. Every other lien referred to therein results from operation of law, and is likely to be secret and unrecorded, while the mortgage lien is part and parcel of the contract. It is evidenced usually in writing; it is registered; the world has notice of its existence, and that it exists for the purpose of securing the particular debt. The mortgage is given with a view to its assignability; it is part of the contract that it shall be assignable. See 9 Ga. 92. It is not so with statutory liens or privileges, for with regard to the lien or its assignability the parties usually make no contract whatever.

My conclusion is that with regard to the assignment of mortgage liens the law of Georgia does not differ from the general rules of law and equity,

and that, therefore, in this state a transfer by delivery of a promissory note payable to bearer, and secured by mortgage, carries with it the mortgage lien, so that the holder of the note may foreclose the mortgage by suit in equity in his own name, and without making the named mortgagee a party. A decree will therefore go for the complainant in this case.