# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

MINNEAPOLIS, ST. P. & S. S. M. RY. CO. *v.* NESTOR.

*(Circuit Court, D. North Dakota.* March 15, 1892.)

REMOVAL OF CAUSES—CONDEMNATION PROCEEDINGS—TIME FOR FILING PETITION.

Code Civil. Proc. N. D. § 3000, provides that in railroad condemnation proceedings either party may demand a jury trial within 30 days from the filing of the commissioner's report, but requires no further pleadings for such trial. *Held,* that for the purpose of removal to a federal court the demand for a trial by jury is equivalent to the filing of an answer in ordinary suits, and under Act Cong. March 3, 1887, § 3, the case will be remanded to the state court where the petition for removal was filed after the expiration of the 30 days thus allowed.

In Equity. Proceedings begun in state court by the Minneapolis, St. Paul & Sault Ste. Marie Railway Company against Samuel K. Nestor for the condemnation of land, and removed to United States circuit court by defendant. Heard on motion to remand. Granted.

*A. H. Bright* and *George K. Andrus,* for plaintiff.

*S. L. Glaspell* and *Winterer & Winterer,* for defendant.

THOMAS, District Judge. On the 3d day of July, 1891, the judge of the district court in and for Barnes county, N. D., upon a petition of plaintiff railway company, appointed commissioners to assess the damages that defendant land-owner might sustain by reason of the right of way granted to plaintiff over defendant's land in Barnes county, N. D., as provided in section 3000 of the Compiled Laws of North Dakota. August 22, 1891, the commissioners appointed filed their report in the office of the clerk of court, from which it appears that the damages of defendant were assessed at $1,186. September 14, 1891, defendant filed with said clerk a written demand for a trial by jury. On the first day of the term of court thereafter, to-wit, on the 8th day of December, 1891, the defendant presented to said court a petition and bond in due form for removal of the case to this court, which was granted. The petition shows

v.50f.no.1—1

that the amount in dispute, exclusive of interest and costs, exceeds the sum of $2,000, and that the plaintiff and defendant are and were at and prior to that time citizens of different states. A transcript of the record having been filed in this court, the plaintiff now moves therein to remand the case to this court upon the following grounds: (1) That this court has no jurisdiction of the subject of this action; (2) that the petition for the removal of this action from the state court to this court was made too late; (3) that S. K. Nestor waived his right for removal of said cause from the state court by not making his petition for removal on or prior to the time when issue was joined in said cause; (4) that S. K. Nestor is the plaintiff in said cause; (5) that the said cause is not a removable cause, within the provisions and meaning of the act of congress of the 3d of March, 1887; (6) that the said circuit court has not original jurisdiction of the controversy, and it is not, therefore, removable. The statute providing for the condemnation of real property for railroad purposes, so far as it is necessary to refer to the same in the consideration of this motion, reads as follows:

"If the owner of any real property over which said railroad corporation may desire to locate its road shall refuse to grant the right of way through and over his premises, the district judge of the county or subdivision in which said real property may be situated, as provided in this article, shall, upon the application or petition of either party, and after ten days' notice to the opposite party, either by personal service or by leaving a copy thereof at his usual place of residence, or, in case of his non-residence in the territory, by such publication in a newspaper as the judge may order, direct the sheriff of said county to summon three disinterested freeholders of said county or subdivision (or, if there be none such, then of the territory) as commissioners, who shall be selected by said judge, and who must not be interested in a like question. The commissioners shall be duly sworn to perform their duties impartially and justly; and they shall inspect said real property, and consider the injury which such owner may sustain by reason of such railroad; and they shall assess the damages which said owner will sustain by such appropriation of his land."

This statute has been, with others, adopted by the state of North Dakota as far as applicable.

It then provides for the making of the report of the commissioners to the clerk of the district court, and, among other things, provides that the railroad company may pay to the clerk, for the use of the owner of the land, the sum assessed by the commissioners, and then proceed to construct and maintain its road over and across the premises appropriated. It is then further provided that the report of the commissioners may be reviewed by the district court on written exceptions filed by either party in the clerk's office, or "either party may, within thirty days after the filing of such report, file with the clerk a written demand for a trial by jury; in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered on the verdict in the same manner as civil actions in the district court." Provision is made for appeal to the supreme court, and the money deposited with the clerk upon the report of the commissioners by the railroad company is to remain subject to the final decision of the court. This statute, in

some respects, differs from every other statute on the question to which it relates, and to which my attention has been called; but upon the authority of *Boom Co.* v. *Patterson,* 98 U. S. 403, at and from the filing of the written demand for a trial by jury the controversy takes the form of an action at law of a civil nature, in which the sole question for determination is the amount of compensation that must be paid for the land appropriated by the railroad company. Whether or not the proceeding is a suit from the filing of the petition for the appointment of the commissioners, and the giving of the notice to the owner as required, is not determined on this motion. Assuming that this case is removable under the removal act of March 3, 1887, (which is not decided,) it must be remanded, for the reason that the petition for removal to this court was made too late. The act of March 3, 1887, has definitely fixed the time within which a case may be removed. The act is restrictive in its nature, as is manifest from the recent decision of the supreme court of the United States, *Fisk* v. *Henarie,* 12 Sup. Ct. Rep. 207, and many other cases construing this act. By section 3 of the removal act it is provided that the petition must be made and filed in the state court at the time or at any time before the defendant is required by the laws of the state or the rules of the state court in which the suit is brought to answer or plead to the declaration or complaint. By the Code of this state the defendant is required to answer in ordinary actions of a civil nature within 30 days after the service of the summons, when the complaint is served with it, or within 30 days after the service of the complaint, upon demand, when the summons is served alone. Comp. Laws, c. 9, Code Civil Proc. How is issue joined in this class of actions, under section 3000, above quoted, and when must that issue be joined? The statute provides that "either party may, within thirty days after the filing of the report of the commissioners, file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by the jury, and the trial shall be conducted, and judgment entered on the verdict, in the same manner as civil actions in the district court." There is no further provision of statute in this state relating to any further pleadings or issue in this class of actions. When the demand for a jury trial is filed, the case stands for trial like any ordinary action of ejectment; the railroad company seeking the appropriation of the land described in the petition, on the one side, as plaintiff, except that it must pay the just compensation, and the owner of the land, on the other side, as defendant, insisting upon his just compensation; that being the only question for trial and determination. By operation of law in this state the issue is joined by the filing of a written demand for a jury trial by either party. No other or further pleading is required by the statute, and there is no rule of court requiring further pleadings, so far as I am advised. The case stands substantially the same as if the statute provided that, upon filing a demand for a trial by jury, formal pleading must on the same day, or some subsequent day, be filed. It was competent for the legislature to so provide. It could not be successfully contended that the right of removal existed under the act of

March 3, 1887, after the answer had been filed and issue thus joined in the statute so providing. It must be conceded that under such a statute the petition for removal must be made and presented before the time for answering had expired. But the statute has in effect provided that the filing of a written demand for jury trial is equivalent to that. Each party is fully advised by the terms of the statute that a demand for a jury trial must be made within 30 days after the filing of the report of the commissioners. If it is filed before the end of the 30 days, the defendant has till the last day to make and file his petition for removal. If not filed till the last day, he must remove on that day, or his right so to do is lost. In other words, the defendant, the land-owner, who alone is entitled to remove the case to the federal court, must do so after the proceeding has taken on the form of a suit at law of a civil nature, and within 30 days after the filing of the report of the commissioners. It seems to me that this view is in harmony with the decisions of the court under the statute of 1887. It is unnecessary to pass on any other question on this motion. The case must be remanded, and it is accordingly so ordered.