THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACOB BRAUNSTEIN, PLAINTIFF IN ERROR.

Decided February 10, 1927.

**Crimes—Selling and Transporting Liquor—Plea of Guilty and Sentence of Fine and Imprisonment—Imprisonment Suspended Upon Certain Condition—Conditions Afterward Broken—Court Then Imposed New Imprisonment Sentence Running From That Day—Held, Sentence Might be Suspended, and Afterward Made Effective, but That a New Sentence Cannot be Imposed.**

On error to the Cumberland Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the plaintiff in error, *Rex A. Donnelly*.

For the state, *Thomas G. Fuso*.

PER CURIAM.

The grand jury presented an indictment against Braunstein, containing two counts, one charging him with selling liquor for beverage purposes and the other charging him with the transportation of liquor for beverage purposes. He pleaded guilty to the indictment, and the court thereupon sentenced him to pay a fine of $200 and to be imprisoned in the county jail for a period of six months. The court suspended the execution of the sentence, so far as it related to imprisonment, as the result of a promise on the part of the defendant to move out of the county and remain out. He paid the $200 fine, but he did not resist the temptation to return quite frequently to visit his family. When this infraction of the order was known, defendant was again arrested on a bench warrant, and when he was brought before the court he was sentenced to six months in the county jail from that date. The writ of error is brought to review the legality of this second sentence.

We make no doubt of the power of the court to suspend sentence and afterward to direct that the suspension shall cease and the original sentence become effective. The suspension, however, must be of the entire sentence, and the court cannot suspend a part of the sentence and enforce the rest, and after the expiration of the time limit recall the sentence for the purpose of reviving it by imposing practically a new sentence for the same offense. The legality of that procedure was considered and determined adversely in the case of *State* v. *Clifford,* 84 *N. J. L.* 595.

This conclusion leads to a reversal of the later sentence.