26 N.J. Super. 562 (1953)
98 A.2d 597
ANTHONY ADAMO, PLAINTIFF-APPELLANT,
v.
LLOYD W. McCORKLE, ACTING PRINCIPAL KEEPER OF THE NEW JERSEY STATE PRISON AT TRENTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1953.
Decided July 20, 1953.
*564 Before Judges FREUND, STANTON and FRANCIS.
Mr. Dominick F. Pachella argued the cause for plaintiff-appellant (Messrs. Pachella and Chary, attorneys).
Mr. Paul T. Huckin argued the cause for defendant-respondent (Mr. Harry L. Towe, attorney).
STANTON, J.S.C. (temporarily assigned).
This is an appeal from the discharge of a writ of habeas corpus by the Law Division on the complaint of Anthony Adamo then and now confined in the State Prison.
Following his conviction on two indictments charging assault, the plaintiff appeared before the County Court on February 8, 1950 and this pronouncement was made by the court:
"It is the judgment of this Court that this defendant be put on probation for a period of five years. He is to report once a week to the Probation Officer of this County, the time and place to be fixed by the Probation Office. He is to obey all the rules of the Probation Office which generally speaking means that he is to observe the law of this State, of the United States, and of any State where he may be permitted to go. He is not to leave the State of New Jersey without the permission of either the Probation Officer or the Judge of the Court. In addition to this he will be fined $500.00. This fine may be paid in installments."
Following some colloquy between the court and the plaintiff's counsel with respect to the installment payments, the court said further:
"All right. The fine is to be paid at the rate of $10.00 per month. Now, about the reporting once a week, this will, of course, be until the further order of the Court. Should the defendant's activities convince the Court that he intends to live within the bounds set by the laws of the State of New Jersey and of the United States of America this reporting may be alleviated, or the periods made longer. I am making it once a week to start with because I want the defendant to become acquainted with the Probation Department and the work they are doing and to realize there is a serious side to all activities and that no one is permitted in Bergen County with impunity to break the law. If subsequent events prove *565 that his counsel is correct, that he hasn't broken the law no great harm will have been done. Perhaps he will have learned something to his advantage. If subsequent events show that the Court is right, that he has broken the law, then the probation will go on and I hope it has the desired effect."
In connection with this there appears this entry upon the docket:
"Sentence  February 8, 1950. Report to Probation office once a week for five years, Obey all of the rules of the Probation office as established in this court. Fine $500. Costs $15.00, payable $10. a month thru the Bergen County Probation Office."
On May 16, 1952, the plaintiff was charged with the violation of his probation and there were hearings thereon. The following entries on the docket set forth the determination of the charges and the judgment of the court:
"August 13, 1952. Defendant found guilty of violation of probation. Probation revoked. Defendant remanded to the Bergen County Jail to await sentence."
"August 20, 1952. Sentence. Not less than two nor more than three years in State Prison on each indictment. 7 days spent in the Bergen County Jail to be deducted from both the minimum and maximum. These sentences to run concurrently."
The offenses committed by the plaintiff were misdemeanors and at the time of his conviction a misdemeanor was punishable by a fine not exceeding $1,000 or by imprisonment for a term not exceeding three years, or both. R.S. 2:103-1 and 6.
The question presented here is whether the placing of the plaintiff on probation and the imposition of a fine upon him, where there was no express suspension of the imposition or execution of a prison sentence, exhausted the power of the court to impose a prison sentence upon him because of his violation of the conditions of his probation.
At the times with which we are concerned the following statutory provisions were in force:
"When it shall appear that the best interests of the public as well as of the defendant will be subserved thereby, the courts of this *566 state * * * shall have power * * * to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than 1 year nor more than 5 years. * * *" R.S. 2:199-1 (now N.J.S. 2A:168-1).
"The court shall determine and may, at any time, modify the conditions of probation, and may, among others, include any of the following: * * * shall pay a fine or the costs of the prosecution, or both, in one or several sums; * * *." R.S. 2:199-2 (now N.J.S. 2A:168-2).
"* * * At any time during the probation period the court may issue a warrant and cause the probationer to be arrested for violating any of the conditions of his probation, or any probation officer * * * upon the request of the chief probation officer, may arrest the probationer without a warrant; * * *. Such probation officer shall forthwith report such arrest or detention to the court and submit to the court a report showing the manner in which the probationer has violated his probation. Thereupon the court, after summary hearing, may continue or it may revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed * * *." R.S. 2:199-4 (now N.J.S. 2A:168-4).
The plaintiff contends that the imposition of a fine was the sentence in this case, that payment of it executed the sentence, and thereafter the court lacked the power to impose a prison sentence upon its finding that he had violated the conditions of probation.
Upon the argument the State asserted that the fine imposed here was a part of the original sentence and not merely a condition of probation. It argues that in order to put an offender on probation "all or some part of the penalty must be suspended either expressly or by necessary implication so that it may be imposed later as a penalty for breach of probation"; and also that the withholding of a sentence or a part thereof is inherent in placing a man on probation. Citing State v. Pascal, 133 N.J.L. 528 (Sup. Ct. 1946); Ex parte Samber, 13 N.J. Super. 410 (Cty. Ct. 1951).
It was conceded on the argument that the fine imposed upon Adamo was fully paid prior to the proceeding in which he was charged with the violation of the conditions of his probation.
*567 It should be noted that in the pronouncement of the trial court and in the docket entry set forth above not a word was spoken or entered regarding the suspension of the imposition or execution of imprisonment.
At common law following a conviction the imposition or execution of sentence could be suspended. State v. Addy, 43 N.J.L. 113 (Sup. Ct. 1881); State v. Osborne, 79 N.J. Eq. 430 (Ch. 1911); State v. Braunstein, 5 N.J. Misc. 243 (Sup. Ct. 1927). But there could not be suspension of part of a sentence nor a fragmentary imposition of sentence. State v. Addy, supra; State v. Clifford, 84 N.J.L. 595 (Sup. Ct. 1913); State v. Braunstein, supra.
Probation is not a sentence in itself, but rather is a device that, among other things, designates a period during which the imposition or the execution of sentence is suspended and the convicted person is permitted to continue at large upon stated conditions upon the violation of which he makes himself liable to imprisonment. It plainly appears from the reading of N.J.S. 2A:168-1 and 4 that the suspension of sentence and the placing of an offender on probation go together. An examination of reported cases in this State dealing with probation shows that the courts expressly suspended the imposition or the execution of imprisonment and then placed the offender on probation. State v. Mungioli, 131 N.J.L. 52 (Sup. Ct. 1943); State v. Haber, 132 N.J.L. 507 (Sup. Ct. 1945); State v. Pascal, supra; State v. Pascal, 1 N.J. 261 (1949).
In Adamo's case a fine could have been the complete sentence and it might have been payable forthwith or he might have been placed on probation to liquidate it in installments. It is not necessary to consider here what the determination should be on a hearing on a charge of probation violation if the court had ordered that the imposition of the prison sentence be suspended and that the offender be placed on probation for five years and that, among other stated conditions of probation, he pay a fine of $500 and costs. Conceivably that might be the disposition that the sentencing court had in mind, but the fact is that there was *568 no express suspension of imprisonment. In connection with this it is interesting to compare the federal statute, 18 U.S.C.A., sec. 3651, with ours. After stating that the court may suspend the imposition or execution of sentence and place the defendant on probation, this language appears:
"Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment."
There is a further provision in this section to the effect that, among the conditions of probation which may be imposed, the probationer may be required to pay a fine in one or several sums.
Assuming the right of the sentencing court here to impose a fine and to place the defendant on probation as to imprisonment, the fact is that not a word was uttered by it with respect to imprisonment or the suspension of its imposition or execution or about placing the plaintiff on probation as to it.
An offender standing before the court after conviction should be apprized exactly of what sentence is imposed upon him, what part of it, if any, has been suspended, and if he be placed on probation what conditions he must comply with. It would not be right, proper or fair to hold that a suspension of sentence as to imprisonment is implied or inherent in the placing of an offender upon probation where a fine is simultaneously imposed upon him.
Since there was no suspension of the imposition or execution of a prison sentence here, and as there was a fine imposed which was fully paid prior to the proceeding in which the plaintiff was tried for probation violation, the sentencing court had no power to sentence the plaintiff to State Prison as a probation violator and such sentence is void. The sentence imposed originally had been executed. Cf. Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943).
*569 The State questions the right of the plaintiff to seek his release through habeas corpus. It says that the remedy is under Rule 2:7-13 which provides that the court may correct an illegal sentence at any time. However, the correction of an illegal sentence is not involved here. The plaintiff seeks his release from prison where he is detained by virtue of a void sentence. This entitles him to the remedy of habeas corpus. State v. Osborne, supra; In re Scridlow, 124 N.J.L. 342, 344 (Sup. Ct. 1940); In re Kershner, 9 N.J. 471 (1952).
The order discharging the writ and directing that the plaintiff remain in confinement is reversed. The record shall be remitted with directions to enter an order discharging the plaintiff from confinement.
FRANCIS, J.C.C. (temporarily assigned) (dissenting).
Appellant was convicted on two indictments charging assault. At the time of sentence the court said:
"It is the judgment of this court that this defendant be put on probation for a period of five years. He is to report once a week to the Probation Officer of this County, the time and place to be fixed by the Probation Office. He is to obey all the rules of the Probation Office which generally speaking means that he is to observe the law of this State, of the United States, and of any State where he may be permitted to go. He is not to leave the State of New Jersey without the permission of either the Probation Officer or the Judge of the Court. In addition to this he will be fined $500.00. This fine may be paid in installments."
More than two years later and after the payment of the fine, Adamo was charged with and found guilty of violation of probation. Probation was then revoked and two concurrent sentences were imposed of not less than two nor more than three years in State Prison.
On this appeal appellant contends that the court had no power to impose a piecemeal sentence of a fine as punishment for the offenses and a five-year probation term as well, that when the fine was paid the sentence was fully executed and the authority of the court to punish fully spent. Consequently *570 the order for probation was nugatory and there could be no legal sentence for violation thereof.
The State took the position at the oral argument that the $500 fine was part punishment for the offense and that such part punishment and probation were proper under the Probation Act, N.J.S. 2A:168-1, 2 and 4.
The majority opinion declares that even assuming the existence of authority to impose a fine as partial punishment for the offense or as one of the terms or conditions of probation, and to impose a five-year probation term as well, the original judgment for probation was illegal because the trial court did not state expressly that he was suspending the imposition of sentence. For this reason the fine constituted the sentence and upon its payment, the sentence was executed, leaving no further power in the court to subject Adamo to a term of imprisonment as a probation violator.
The problem involved transcends the particular case; it is of vital importance to the judges conducting criminal trials and to the operation of the probation departments of the various counties. My own experience convinces me that the practice is not at all uniform. Consequently it seems advisable to set down by way of dissent a view which gives more complete recognition to the remedial purposes of probation, in order to make possible a final word on the subject from the Supreme Court, if the parties so desire.
State v. Addy, 43 N.J.L. 113, which is the source case for appellant's contention, was decided in 1881. At this time New Jersey had no probation act, so far as I have been able to determine. In that case the defendant was convicted of maintaining a nuisance by obstructing a culvert over a watercourse so that a highway was overflowed. The court suspended sentence on payment of the costs of prosecution, so long as the defendant kept the culvert clear and abated the nuisance. The defendant paid the costs, abated the nuisance under the direction of the sheriff, and was discharged from custody. However, he did not keep the culvert clear and two and one-half years later he was sentenced to 30 days in the county jail. Defendant obtained a writ of *571 habeas corpus, contending that the order for imprisonment was void because the power of the court over him was exhausted by the original sentence. His release was ordered, the Supreme Court saying:
"The present question, therefore, amounts to this: whether, when the court has exacted of the defendant upon his conviction what it can legally require only by judgment, can it, at a subsequent term, proceed to inflict the remainder of what it might have imposed by its sentence originally? Suppose the court had ordered that if the defendant would pay a fine of $500, it would suspend sentence so long as he behaved himself; could the court, after the payment, pass sentence upon him, even to the full extent of the statutory penalty? Or could it exercise any further power at all over the defendant? And yet, its authority to fine is of the same character as that to abate the nuisance  one to be exercised by judgment only. Such a course seems to me not to differ in substance from the passing of two sentences at different terms upon one conviction of a single offense; and I think no case can be found warranting it."
Our first probation act appears to have been adopted in 1906. (L. 1906, p. 107, sec. 187 Criminal Procedure Act, 2 C.S., p. 1881). It contained no provision relating to the imposition of a fine as well as probation. However, in 1907 an amendment was adopted to the effect that instead of imposing the penalty, the sentencing court might order the defendant to be released on probation on conditions to be fixed including "the payment of a fine or the costs of prosecution, or both." (L. 1907, c. 209). It was provided also that in the event of revocation of probation the total of the sentences imposed should not exceed the maximum allowed by law for the offense of which the person was convicted.
It is apparent that the Legislature by this amendment, which is the forerunner of our present statute, intended to alter the doctrine established by State v. Addy, supra, and to make possible the imposition of a fine as well as probation upon an offender. And the proviso with respect to the total of the sentences in the event of revocation of probation, makes it clear that the fine which accompanied the order for probation might be up to the maximum exaction allowable by law for the offense committed.
*572 Our present Probation Act (N.J.S. 2A:168-1, 2, and 4) confers authority "to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than 1 year nor more than 5 years. * * *" (Sec. 1) And it says:
"The court shall determine and may, at any time, modify the conditions of probation, and may, among others, include any of the following: * * * a fine or the costs of the prosecution, or both, in one or several sums; * * *." (Sec. 2)
It further provides that in the event of violation of the terms of probation, the court may revoke the probation and the suspension of sentence and cause the sentence imposed to be executed or impose any sentence which might originally have been imposed. (Sec. 4)
The language employed in these various amendments requires the conclusion that the rule of State v. Addy has been modified to the extent that a fine may be imposed only as a term or condition of probation and not as part punishment for the offense committed. In other words, the rule has not been relaxed so as to justify a sentence of a fine and then, accompanying it, an order for probation. The defendant must be placed on probation and the payment of a fine made one of the conditions of probation. This may appear to be an inconsequential difference, one of form and not of substance, but viewing the statute against the background provided by the Addy case, the additional authority conferred must be accepted subject to the limitations arising from the words used.
Reference to the Federal Probation Act, which in many respects is similar, discloses an express grant of power to impose a fine as part of a sentence for the criminal transgression and to place the offender on probation as well. The Code says (Criminal Procedure, 18 U.S.C.A., sec. 3651):
"Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both *573 fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. * * *"
Accordingly the federal courts may impose a fine as punishment or as a condition of probation. Mitchem v. U.S., 193 F.2d 55 (5 Cir., 1951); Hollandsworth v. U.S., 34 F.2d 423 (4 Cir., 1929).
It follows therefore that the argument of the State that Adamo was fined as a partial punishment sentence and not as a condition of probation cannot be accepted. For, as already indicated, a sentence of that kind would not be within the purview of the statute. However, the statement of the trial court makes it plain that the fine was not imposed as a partial sentence for the offense, but rather as a term or condition of the probation. Considered as such it is encompassed by the statutory authority and valid, Hollandsworth v. U.S., supra; Mitchem v. U.S., supra, unless the opinion of the majority is accepted that the order for probation cannot be sustained because a sentence was not imposed and its execution expressly suspended nor was the imposition of sentence expressly suspended.
I do not believe it to be essential to the legal propriety of a probation order that the court employ some such words as: "The imposition of sentence is suspended and you are placed on probation for  years"; or, as: "You are sentenced to one to three years in New Jersey State Prison; the execution of this sentence is suspended and you are placed on probation for  years." Where the only possible conclusion to be drawn from the order for probation is that the imposition of sentence is suspended, the order should be unobjectionable legally. Here where the form permits but one inference as to the nature of the action taken it would be mere obeisance to words to require the use of the expression, "Imposition of sentence is suspended," when the grant of probation is made. Manifestly an order granting probation without more in effect suspends the imposition of sentence.
*574 As was said in Ex parte De Angelo, 50 F.2d 847, 848 (6 Cir., 1931):
"Granted that in the instant case the sentencing judge did not specifically indicate that the postponement of sentence was a suspension of its imposition under the Probation Law. We are dealing with the question of judicial power. If what the court did, by whatever name it may be called, operated as a suspension of the imposition of sentence, it was clearly within the power of the court to do it."
The Probation Act is remedial legislation and as such it ought to have a liberal construction in order to accomplish its beneficent social objectives. The federal courts have declared that much latitude ought to be allowed the trial judges in the use and enforcement of the act. Reeves v. U.S., 35 F.2d 323 (C.C.A. 8 1929); Riggs v. U.S., 14 F.2d 5 (C.C.A. 4 1926).
Defects in efforts of administration, which are purely formal in nature, ought not to stand in the way of its use. While it is true that a defendant should be made aware of the nature of his sentence, it is unrealistic to hold that when probation is granted following conviction of crime, the offender does not know that the imposition of an imprisonment sentence is being suspended, unless such an express statement is made.
The former Supreme Court in State v. Pascal, 133 N.J.L. 528 (1946), asserted in effect that the significance of probation is a matter of common knowledge. It said:
"The very term `probation' connotes to the average mind an experiment or proving period; that the convicted person escapes the more severe penalty of imprisonment on condition of future good behavior, especially during the probation term; and surely good behavior necessarily excludes a return to previous habits, conduct and the like which brought the probationer into a trial court to stand trial. Any normal person is chargeable with such knowledge."
The effect of the Pennsylvania Probation Act, which is substantially the same as that of New Jersey, was considered in Commonwealth v. Smith, 130 Pa. Super. 536, 198 A. 812, 814 (Super. Ct. 1938). There the defendant pleaded guilty *575 to burglary and was placed on probation. In dealing with the order in relation to the statute the court said:
"It expressly provides that where the circumstances of the case warrant it and the public good does not require the imposition of the penalty imposed by law, the court may in all cases  except convictions for the offenses specifically excluded from its operation * * *  `suspend the imposing of the sentence, and place the defendant on probation for a definite period,' etc. They are not in the alternative or disjunctive, but in the conjunctive; and, whether a specific order suspending the imposing of sentence is made or not, the placing of the defendant on probation is, in effect, a suspension of the imposing of sentence."
It is interesting to note that appellant's brief says:
"It is true that an order placing a defendant on probation, in itself, is not a sentence but it is rather in effect a suspension of the imposition of sentence."
While the precise question was not raised, the United States Supreme Court treated an order placing the defendant on probation for five years as a suspension of the imposition of sentence. Korematsu v. U.S., 319 U.S. 432, 436, 63 S.Ct. 1124, 87 L.Ed. 1947 (1943).
Under all of the circumstances I believe that the $500 fine, to which appellant was subjected, was imposed properly as a condition of his probation and that the order granting probation was in effect a suspension of the imposition of sentence. Accordingly the judgment should be affirmed.