126 N.J. Super. 594 (1974)
316 A.2d 28
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHRISTOPHER WALL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1974.
Decided February 22, 1974.
*595 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Edward P. Hannigan, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Mart Vaarsi, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
In a case of first impression under R. 3:21-2, we are presented with the problem of whether a sentencing judge must obtain an updated presentence report before sentencing a defendant found guilty of violating his probation. We hold such acquisition to be discretionary with the judge, and under the circumstances existing here there was no abuse of discretion in not obtaining it.
Defendant was convicted, after a jury trial, of maliciously tampering with railway property. (N.J.S.A. 2A:137-1). He was given a suspended indeterminate sentence to Yardville, fined $100 and placed on probation for one year.
On three separate occasions subsequent to his conviction, he was returned to the same judge for violations of his probation. Following a hearing on the final charge of violation *596 of probation, he was found guilty and sentenced, without an updated presentence report, to serve 364 days in the Monmouth County Correctional Institution.
Defendant makes the bare assertion that the sentence was improperly imposed because it was made without the benefit of an updated presentence report. He alleges no facts which differed from the original report, or any changed circumstances which would require an updated report. Nor does he deny that he violated his probation. The record is clear that the same judge handled defendant's case from the date of the original trial to the final imposition of the sentence for violation of probation, and that he was thoroughly familiar with all the relevant facts. Under the circumstances, no updated presentence report was required.
Defendant having been found guilty of violating his probation, the trial judge was empowered to impose a new sentence within the limits that originally could have been imposed. State v. Pallitto, 107 N.J. Super. 96, 100 (App. Div. 1969), cert. den. 55 N.J. 309 (1970); N.J.S.A. 2A:168-4.
Affirmed.