136 N.J. Super. 383 (1975)
346 A.2d 427
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH M. PIETROWSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1975.
Decided October 7, 1975.
*385 Before Judges LYNCH, ACKERMAN and LARNER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Lloyd N. Simon, Assistant Deputy Public Defender, of counsel and on the brief).
*386 Mr. William F. Hyland, Attorney General, attorney for respondent (Ms. Barbara Ann Villano, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
On May 29, 1973 defendant was sentenced on a plea of guilty to a charge of receiving stolen property. The judge imposed a sentence to State's Prison of two years minimum  three years maximum. The custodial sentence was suspended and defendant was placed on probation for five years.
On July 11, 1974 defendant was found guilty of violation of probation and at that time the same judge imposed a sentence for that violation of one year in the Middlesex County Workhouse, allowing credit of 76 days for time already served in jail. In addition, the judge noted at the time of sentencing that the original five-year probation sentence was still viable and the judgment in the violation proceeding includes the following provision: "Placed on probation for 5 years starting from May 29, 1973."
Defendant has completed his service of the custodial sentence and now attacks the legal validity of the probationary portion of the sentence imposed on July 11, 1974. He urges that the probationary sentence accompanying the custodial sentence for violation of probation is void because of the absence of authority of the judge to impose a probation sentence unless it is accompanied by the suspension of a custodial sentence.
A brief review of the law relating to sentencing alternatives is appropriate. At common law the imposition or execution of a sentence could be suspended but "there could not be suspension of part of a sentence nor a fragmentary imposition of sentence." Adamo v. McCorkle, 26 N.J. Super. 562, 567 (App. Div.), rev'd on other grounds 13 N.J. 561 (1953), cert. den. 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1080-81 (1954). Hence, the judge had the alternative of either imposing a custodial sentence or suspending the sentence *387 in its entirety. State v. Braunstein, 5 N.J. Misc. 243, 136 A. 199 (Sup. Ct. 1927).
With the advent of the probation statutes courts were granted the additional power to place a defendant on probation for a period of not less than one nor more than five years. N.J.S.A. 2A:168-1 et seq. With respect to sentences to county institutions only, statutory authority was granted to permit a "split" sentence  that is, incarceration for a designated portion of the sentence and release on probation before the full sentence is served. N.J.S.A. 2A: 164-16; Bonilla v. Heil, 126 N.J. Super. 538, 543 (App. Div. 1974). This means, of course, that the unserved portion of the sentence is suspended. And in connection with sentences to county institutions a violation of probation exposes a defendant to a resentence up to the remaining portion of the sentence originally pronounced. In cases involving sentences to state institutions there is no authority for imposing a split sentence,[1] and if a state prison sentence is suspended in toto with a period of probation, violation of that probation may subject the defendant to a sentence up to the maximum allowed by law for the original offense. N.J.S.A. 2A:168-4; see also, State v. Pallitto, 107 N.J. Super. 96 (App. Div. 1969), cert. den. 55 N.J. 309 (1970): State v. Fisher, 115 N.J. Super. 373 (App. Div. 1971); State v. Wall, 126 N.J. Super. 594 (App. Div. 1974).
With the foregoing background we turn to the specific issue raised by defendant. Is the probation sentence of July 1974 imposed for the violation of probation included in the May 1973 sentence valid in the absence of any suspension of the county institution incarceration in whole or in part?
*388 N.J.S.A. 2A:168-1 treats probation as a counterpart of suspension of a custodial sentence. It reads:
* * * [T]he courts of this State * * * shall have power * * * to suspend the imposition or execution of sentence, and also to place the defendant on probation. * * *
As observed by this court in Adamo v. McCorkle, supra:
Probation is not a sentence in itself but rather is a device that, among other things, designates a period during which the imposition or the execution of sentence is suspended and the convicted person is permitted to continue at large upon stated conditions upon the violation of which he makes himself liable to imprisonment. It plainly appears from the reading of N.J.S.A. 2A:168-1 and 4 that the suspension of sentence and the placing of an offender on probation go together. * * * [26 N.J. Super. at 567]
It would thus appear that if a flat custodial sentence is imposed without suspension, the inclusion of a provision for probation is illegal. Since the authority for probation is purely statutory, the construction of the applicable legislation dictates this conclusion. With sentences to a county institution, the judge may suspend either part or all of the sentence and include probationary supervision up to the statutory maximum of five years. With sentences to a state institution the judge may only suspend the custodial sentence in its entirety and thereby include probationary supervision up to the same statutory maximum.
Although it is preferable in any case where the judge intends to suspend a sentence and provide for probation to state expressly the custodial sentence involved and the suspension thereof, it has been held that where the judge did not mention a custodial sentence and merely referred to probation there was an implied suspension so as to validate the probationary supervision portion of the sentence. Adamo v. McCorkle, supra, 13 N.J. at 567.
The State argues herein that this latter holding in Adamo should be applied so that the sentence for probation violation *389 should be interpreted to imply an intent to suspend the balance of a potential maximum sentence of 18 months to the county institution. The judge clearly imposed a custodial sentence of one year and the defendant has been incarcerated for that period. The above suggested implication is wholly untenable.
It is apparent from the record that the judge assumed that the probationary supervision included in the initial sentence would continue to be operative as a viable sentence after the sentence for violation of probation. This was an erroneous assumption, for the new sentence resulting from a finding of guilt of the violation charge ipso facto signified a revocation of the prior probationary sentence imposed in May 1973. If the judge saw fit to impose a new probationary period in connection with the violation sentence, he was empowered to do so provided that he incorporated the suspension of all or part of the new sentence as already noted.
In view of the foregoing, we hold that the probationary portion of the sentence of July 11, 1974 was void and must be set aside. Since defendant has already served the full custodial sentence, it is inappropriate to remand to the trial court for correction of the sentence by validation of the probation order through a suspension of the custodial sentence. The status of the case defies this method of correction. We therefore exercise our original jurisdiction and amend the record to sentence the defendant to time already served. R. 2:10-3.
NOTES
[1] It may be assumed that the Legislature did not provide for a similar split-sentencing technique in connection with state institution sentences because it would interfere with the administration of the State Parole Board which has overall jurisdiction for release of prisoners in state institutions from the moment that they are confined. See generally, N.J.S.A. 30:4-123.1 et seq.