156 N.J. Super. 66 (1978)
383 A.2d 455
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
J.C.S., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 17, 1978.
Decided February 3, 1978.
*67 Before Judges ALLCORN, MORGAN and HORN.
Messrs. Goldenberg, Mackler & Feinberg, attorneys for appellant (Mr. Harry A. Goldenberg on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Edwin H. Stern, Deputy Attorney General, of counsel and on the brief; Ms. Anne P. Weiner, Deputy Attorney General, on the brief).
The opinion of the court was delivered by HORN, J.A.D.
In this case the trial judge accepted from defendant a negotiated plea of guilty to possession of more than 25 grams of marijuana (N.J.S.A. 24:21-20[a][3]). At the time of said offense defendant was under 21 years of age. On June 25, 1973 the judge sentenced defendant as follows:
* * * to New Jersey Reformatory at Yardville, Youth Reception and Correction Center for an indeterminate term. Sentence suspended except thirty days which will be spent in the County Jail. Defendant to report to the County Jail 9:00 A.M. Friday, Saturday, and Sunday of each week until the thirty days are served. After released, defendant placed on probation for two years under the statutory probationary terms and as more fully stated at time of sentence. Fined the sum of two hundred ($200.00) dollars payable as directed by the Probation Officer.
After defendant was incarcerated for 12 days in the county jail, he was released on two years' probation. On August 1, *68 1977, more than six months following his two-year probation period, which he underwent without undue incident, he applied to the County Court for an order expunging the record of his conviction, pursuant to N.J.S.A. 24:21-28. After a hearing the judge denied the application by reason of his interpretation of N.J.S.A. 24:21-28 as precluding expungement thereunder for anyone who has served any interval of incarceration as a result of the proceedings sought to be expunged. Defendant assails this interpretation through this appeal.
N.J.S.A. 24:21-28 provides:
After a period of not less than 6 months, which shall begin to run immediately upon the expiration of a term of probation imposed upon any person under this act, such person, who at the time of the offense was 21 years of age or younger, may apply to the court for an order to expunge from all official records, except from those records maintained under the Controlled Dangerous Substances Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, all recordations of his arrest, trial and conviction pursuant to this section. If the court determines, after a hearing and after reference to the Controlled Dangerous Substances Registry, that such person during the period of such probation and during the period of time prior to his application to the court under this section has not been guilty of any serious or repeated violation of the conditions of such probation, it shall enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and trial. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest or trial in response to any inquiry made of him for any purpose.
Although the statute is silent as to incarceration, the trial judge reasoned that to interpret the statute as applicable to one whose sentence included incarceration followed by probation would lead to an anomalous situation. In his view, where a person was sentenced to a similar term of incarceration without a probationary period to follow, such a person would not be eligible to have his record expunged *69 under this statute. We recognize the judge's dilemma by reason of this ratiocination.
The State does not agree with the judge's interpretation of the statute insofar as a "partially suspended" sentence to a county institution, followed by probation, is concerned. See N.J.S.A. 2A:164-16. The State feels that the sentence imposed in this case was illegal but suggests that, at this point, S. should be treated as if he received a "partially suspended" sentence to the Atlantic County Jail, followed by probation. As will be shown hereinafter, the sentence as imposed by a different judge was an illegal one. But, irrespective of its illegality, we agree with defendant and the State that a fair interpretation of the statute, N.J.S.A. 24:21-28, authorizes expungement in this case.
Defendant, as already noted, was under 21 years of age when he committed the offense for which he was convicted. He has served his period of probation without having been "guilty of any serious or repeated violation of the conditions of such probation." The expungement which he seeks will enable him to engage in an occupation which is closed to him so long as his conviction record is extant. N.J.S.A. 24:21-28 "is specifically aimed at providing an incentive for rehabilitation of a person convicted of crime, and its purpose will be advanced by a construction which authorizes expungement under the circumstances here present." In re Fontana, 146 N.J. Super. 264, 267 (App. Div. 1976) (dealing with a different expungement statute. N.J.S.A. 2A:164-28).
When N.J.S.A. 24:21-28 was enacted in 1970 "split" sentences (suspension of a portion of a term of a custodial sentence) followed by a period of probation were permitted under N.J.S.A. 2A:164-16.[1] It will be presumed that the Legislature, in enacting this expungement *70 statute, N.J.S.A. 24:21-28, was familiar with its earlier enactment of N.J.S.A. 2A:164-16, so that it did not intend to exclude from the operation of the expungement statute those cases where the applicant had, as in this case, received a split sentence. Quaremba v. Allan, 67 N.J. 1 (1975); Brewer v. Porch, 53 N.J. 167 (1969). A statute is to be read in the light of the pre-existing law and the evils to be remedied. Key Agency v. Continental Cas Co., 31 N.J. 98 (1959); Union Cty. Park Comm'n v. Union Cty., 154 N.J. Super. 213 (Law Div. 1976), aff'd o.b. 154 N.J. Super. 125 (App. Div. 1977). In State v. Campobasso, 125 N.J. Super. 103 (Law Div. 1973), a defendant had received a suspended sentence without probation and sought expungement under this same statute, N.J.S.A. 24:21-28. The court applied a commonsense interpretation to this statute and held that although no probationary term was imposed, the defendant was entitled to expungement. The judge there determined that although the statute speaks of expungement after probation, it must have been intended to embrace cases where there was a total suspension of an incarcerating sentence without probation.
We need not determine whether an anomaly exists, as envisioned by the trial judge. Should such a case arise where a person who serves a sentence of imprisonment in a county jail, penitentiary or workhouse applies for expungement under this statute, we will deal with it at that time.[2] Accordingly, we hold that defendant was entitled to the order of expungement.
The sentence imposed by the trial judge was not authorized by law. As noted, split sentences are permitted under N.J.S.A. 2A:164-16 only where a defendant is sentenced to confinement in a county jail, penitentiary or workhouse. The sentence was contrary to law, first, because defendant *71 was sentenced to the New Jersey Reformatory and then a split sentence was imposed. An individual sentenced to a state institution may receive a totally suspended sentence, N.J.S.A. 2A:168-1, but may not receive a split sentence. State v. McCue, 148 N.J. Super. 425, 428 (App. Div. 1977); cf. State v. Pietrowski, 136 N.J. Super. 383, 387 (App. Div. 1975). Second, there was no suspension of the county-jail term, even assuming the proper imposition of the 30-day county-jail term. Consequently, the subsequent probationary term could not be legally imposed in the absence of a partial or total suspension of the custodial sentence. State v. Pietrowski, supra at 388.
We note, also, the irregularity of directing in this case that the sentence be served on weekends. There is no statutory authority for imposition of a periodic sentence in this case. Such sentences are provided for only in desertion and nonsupport cases, N.J.S.A. 44:1-147; 2A:100-4, and in municipal court cases, N.J.S.A. 2A:8-30.1.
Additionally, the judge directed that the fine of $200 be "payable as directed by the Probation Officer." Although the fine may be payable to the probation officer, it may not be made payable as directed by that person. In similar contexts it has been held improper to order the probation department to "work out" the specific amount of restitution which a defendant would pay. State in Interest of D.G.W., 70 N.J. 488 (1976). The court there said (at 503), "The final decision on the amount of restitution to be made and the terms thereof is within the sole province of the trial judge." (Emphasis supplied). State v. Harris, 70 N.J. 586, 590, n. 1 (1976). Similarly, where a defendant satisfies the sentencing judge that he cannot pay a fine in a lump sum, the court has authorized the sentencing judge to provide for payment by establishing an installment plan. State v. DeBonis, 58 N.J. 182 (1971).
The illegality of the sentence comes to us collaterally by way of appeal from the judge's denial of an expungement order  not directly on appeal from the sentence. Defendant *72 has served the custodial portion thereof and has otherwise performed all that was required of him thereunder. For the sake of the record, however, we vacate the illegal sentence. Instead, in the exercise of our original jurisdiction under R. 2:10-3, nunc pro tunc, we sentence defendant to 30 days in the county jail and suspend all but 12 days thereof. Defendant is placed upon two-years' probation, subject to the written terms thereof on file in the office of the County Clerk of Atlantic County, and we include the payment of a fine of $200 within the term of said probation.
The provisions of the foregoing sentence having been complied with, we reverse the order of the trial judge and direct that the record pertaining to the foregoing offense of which defendant was convicted be expunged pursuant to N.J.S.A. 24:21-28.
NOTES
[1] Sentences involving imprisonment in any county jail, penitentiary or workhouse.
[2] We emphasize that we do not refer to a custodial sentence to a state institution in the absence of total suspension.