WILLIAM E. PERRY, PETITIONER, v. JOSEPH W. MARTIN, SUPERINTENDENT, &c., RESPONDENT.

Submitted December 11, 1905—Decided February 26, 1906.

A person committed to the New Jersey Reformatory under a sentence authorized by the act for the management of that institution, approved March 21st, 1901, cannot be held therein beyond the maximum term of imprisonment which the statute fixes as the penalty for the crime for which he was convicted. He cannot be held beyond such period under such a sentence until the costs are paid.

On *habeas corpus.*

Before Justices FORT, GARRETSON and REED.

For the writ, *Henry Marelli.*

For the state, *Edward D. Duffield.*

The opinion of the court was delivered by

FORT, J. William Perry, the son of the petitioner, is confined in the New Jersey Reformatory under a sentence for larceny.

The record of the sentence, as certified, is this:

"The said defendant, being placed at the bar for sentence, the court do order and adjudge that the said defendant do be confined in the New Jersey Reformatory as provided by law."

This sentence was imposed December 20th, 1901. Shortly after such sentence Perry was taken to the reformatory, where he remained until May 24th, 1904, when he was released on parole. He broke his parole on June 11th, 1904, and was rearrested and brought back to the reformatory March 4th, 1905, where he has since remained.

Larceny, by our Crimes act, is made a misdemeanor, for which the maximum penalty by way of imprisonment is three years. *Pamph. L.* 1898, *p.* 854, § 218.

The only act providing for commitments to the reformatory is that of March 21st, 1901. *Pamph. L., p.* 231. The act approved March 28th, 1895, was repealed by the act approved March 21st, 1901. *Pamph. L., p.* 238. By the act of March 21st, 1901 (*Pamph. L., p.* 231, § 9), it is enacted as follows: "The courts, in sentencing to the reformatory, shall not fix or limit the duration of sentence, but it shall not in any case exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, and may be terminated by the managers of the reformatory as herein provided." *Pamph. L.* 1901, *p.* 236, § 9.

The sentence imposed in this case, above quoted from the record, seems to be in strict conformity with this act. The fact that Perry has served the full three years is not questioned, but it is claimed that the authorities at the reformatory may hold him until the costs are paid.

There is no authority for this under sentence imposed under the act of March 21st, 1901, *supra*. Persons sentenced under that act can only be held for the maximum term provided by law for the offence of which they were convicted. The maximum term here means the term of imprisonment specifically specified in the statute. Upon sentences under the act of March 21st, 1901, there is no authority for a judgment that the prisoner be held for the maximum term fixed by statute and until the costs are paid. The judgment of the court simply is that "the defendant be confined in the New Jersey Reformatory as provided by law," and the statute says that the term of confinement shall not in any case exceed

the maximum term provided by law. That means the maximum term of imprisonment authorized to be imposed by the statute and named in the statute as the penalty for the offence. We cannot import into these plain words of the statute an additional term to cover the working out of costs, if there be costs remaining unpaid.

There was also a further contention in this case that the prisoner could be held because the indictment under which he was convicted contained two counts—one for larceny and the other for receiving—and that there was a general verdict of guilty, and hence under it the court could have sentenced the defendant to three years' imprisonment on each count, and made the one sentence to begin after the other had terminated, the contention being that under the Reformatory act the limit of the duration of the sentence to the reformatory is "the maximum term provided by. law for the crime for which the prisoner is convicted," and that the maximum in this case could be six years. This would be a strained construction. Penal statutes are to be construed strictly. Conceding that it is within the power of the court to impose consecutive sentences, still that will not authorize the managers of this institution to hold the defendant as if such sentences had been imposed, or because the court might have done so if the defendant had been sentenced to some other institution and a definite term fixed in the sentence by the court. Where it is not a part of the judgment of the court that one sentence shall begin after the other terminates, all sentences, even on separate convictions, run concurrently. To make it possible for one sentence to begin after another ends, there must be a judgment of a court. But, if this were not so, still upon the indictment in this case a sentence could not have been imposed upon each count. The facts before us show, it is true, that the indictment contained one count for larceny and another for receiving, but the proof in the case was that the defendant stole the articles in question. The same person cannot be both thief and the receiver in a criminal sense. In order to constitute the crime of receiving

stolen goods, knowing them to have been stolen, there must be a thief and a receiver. The statute never contemplated that the thief could be guilty of receiving stolen goods from himself.

On the return there appears to be no justification for the further detention of William Perry, and an order will be made for his discharge.