24 N.J. Super. 564 (1953)
95 A.2d 156
IN THE MATTER OF THE APPLICATION OF WILLIAM HODGE FOR WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Appellate Division.
Submitted January 12, 1953.
Decided February 19, 1953.
*565 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. William Hodge, pro se.
Mr. Theodore D. Parsons, Attorney-General (Mr. Eugene T. Urbaniak, Deputy Attorney-General, appearing), for the State.
The opinion of the court was delivered by JAYNE, J.A.D.
The petitioner was convicted by a jury on November 17, 1944 in the former Court of Quarter Sessions of Mercer County of the crime of robbery. By virtue of the consequent sentence imposed upon him he is confined in the New Jersey State Prison. In February 1951 he addressed a petition to the Mercer County Court praying for the issuance of a writ of habeas corpus to inaugurate an *566 inquiry into the legality of his continued imprisonment. The petition was denied. In re Hodge, 17 N.J. Super. 198 (Cty. Ct. 1951). We have reviewed the proceeding in response to the petitioner's appeal.
While we concur in the conclusion that the issuance of the writ was not warranted by the allegations of the petition, we are not in accord with all of the reasons expressed in the reported opinion of the County Court.
One of the reasons for the denial of the petition was the long and unexplained delay in applying for the writ. There is no limitation of time within which an application for a writ of habeas corpus must be sought, and the mere fact that this petitioner failed to solicit the writ more promptly was not of itself a justifiable ground for the denial of its issuance. Vide, State v. Cynkowski, 19 N.J. Super. 243 (App. Div. 1952), affirmed 10 N.J. 571 (1952).
The petitioner alleged, inter alia, that he was in custody at the time of the trial and involuntarily absent from the courtroom when the jury rendered against him the verdict of guilty of the crime of robbery. The judge of the County Court left the legal significance of that circumstance undetermined.
Our Appellate Division had occasion to consider this point in a case in which there had been a conviction of the defendant for the commission of a misdemeanor and concluded that the presence of the accused at the rendition of the verdict, although he was then in custody, was not essential to the legality of the conviction. In re Graham, 13 N.J. Super. 449 (App. Div. 1951), certification denied 7 N.J. 582 (1951), certiorari denied Graham v. Warden, N.J. State Prison, 342 U.S. 930, 72 S.Ct. 372, 96 L.Ed. 692 (1952).
For many years the legislation constituting the criminal code of this State has ignored the common law distinction between felonies and misdemeanors. Criminal offenses in our statutory law have been denominated either misdemeanors or high misdemeanors. The crime of robbery is a high misdemeanor. R.S. 2:166-1, now N.J.S. 2A:141-1.
*567 In 1887 Chief Justice Beasley and Justices Depue, Van Syckel, and Scudder were heard to say:
"Independent of these considerations, by a long course of procedure, the practice has become settled in this state to receive the verdict of the jury in all criminal cases, except capital cases, without the presence of the accused." Jackson v. State, 49 N.J.L. 252 (Sup. Ct. 1887), affirmed, 50 N.J.L. 175 (E. & A. 1887).
Although it was also the rule in England that in felony cases no writ of error could be heard by the appellate court in the absence of the defendant, it was many years ago determined in this State that the presence of the defendant at such proceedings was not essential. Donnelly v. State, 26 N.J.L. 463, 471 (Sup. Ct. 1857), affirmed 26 N.J.L. 601 (E. & A. 1857); State v. Peacock, 50 N.J.L. 34, 38 (Sup. Ct. 1887), reversed on another ground sub nom. Peacock v. State, 50 N.J.L. 653 (E. & A. 1888).
It is not apparent that this petitioner was deprived at the trial of any protective right afforded him by the State or Federal Constitutions. The test, broadly stated, is whether anything occurred in his absence that was new, supplementary, and additionally inculpatory or tending to degenerate his defense and in conflict with his right to be confronted by the witnesses, to be represented by counsel, and to maintain his defense upon the merits. State v. Nardella, 108 N.J.L. 148 (E. & A. 1931); State v. Auld, 2 N.J. 426 (1949).
While the failure to have the petitioner present at the announcement of the verdict would at most be classified as a trial error not remediable by habeas corpus (Cf. In re Tremper, 129 N.J. Eq. 274 (E. & A. 1941)), we do not hesitate to state that the mere absence of the petitioner-defendant at the time the verdict was rendered did not under the law then existing vitiate the judgment of conviction. Our present Rule 2:10-2 was not then promulgated and there is therefore no cause to comment upon the consequences of its disobedience.
The judgment under review is affirmed.