45 N.J. Super. 44 (1957)
131 A.2d 425
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD HORTON, DEFENDANT-PETITIONER.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1957.
Decided April 29, 1957.
*45 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. C. Ryman Herr, Jr., argued the cause for the defendant-petitioner (Messrs. Herr & Fisher, attorneys).
Mr. Eugene T. Urbaniak, Deputy Attorney-General, argued the cause for the plaintiff-respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
Richard Horton, on May 2, 1952, was sentenced to indeterminate terms of imprisonment in the Annandale Reformatory on each of two charges of larceny of a motor vehicle, and for breaking, entering and larceny, the terms to run concurrently. On September 12, 1952 he escaped from the reformatory and upon apprehension was charged with escape and, in addition, with the larceny of a motor vehicle and breaking, entering and larceny while he was at large. He pleaded guilty to these charges and was sentenced to indeterminate terms at the New Jersey Reformatory at Bordentown. The sentence on the charge of escape did not specify whether it was concurrent or consecutive to the prior sentences. The sentence on the charge of breaking, entering and larceny was "to run consecutively to any existing sentence." The sentence on the charge of larceny of a motor vehicle was "to run concurrently with any existing sentence."
The trial judge denied petitioner's motion for correction of illegal sentence on the ground that R.S. 30:4-148 does not prohibit consecutive reformatory sentences. The appellant here challenges the validity of the sentences as being beyond the power of the court.
*46 While serving the aforementioned sentences the petitioner was paroled on February 22, 1955. However, within six months, his parole was revoked when he was charged with burglary and larceny of a motor vehicle; he was returned to the Reformatory at Bordentown. There he stabbed another inmate, whereupon on July 27, 1956 he was transferred to State Prison, where he is presently confined.
The petitioner's principal contention is that the imposition of consecutive indeterminate terms to the New Jersey Reformatory is invalid.
In reviewing the merits of the petition it is incumbent upon us to examine the statutory policy which has been enacted in this State for the control of youthful offenders. It reflects the now generally accepted view that solution lies in correction and rehabilitation, rather than retribution. The statute, accordingly, provides that "a person under the age of 16 years is deemed incapable of committing a crime," N.J.S. 2A:85-4, and separate juvenile courts have been established, N.J.S. 2A:4-1 et seq., designed to secure for each child coming within their jurisdiction "such care, guidance and control * * * as will conduce to the child's welfare and the best interests of the state * * *." N.J.S. 2A:4-2. In re Lewis, 11 N.J. 217 (1953); In re El, 26 N.J. Misc. 285 (Quart. Sess. 1948). The Juvenile Court has exclusive jurisdiction over juvenile delinquency, which is defined as the "commission by a child under 18 years of age of any act which when committed by a person * * * 18 years or over would constitute" a crime, or such other offenses as are set forth in N.J.S. 2A:4-14; except that, in the court's discretion, jurisdiction over a person 16 or 17 years of age may be surrendered to a criminal court if such person is an habitual offender or is charged with an offense of a heinous nature. N.J.S. 2A:4-15.
In the case of certain youthful offenders the statutory policy for rehabilitation is expressed by provision for sentence to a reformatory rather than State Prison. R.S. 30:4-147 provides that any male person between the ages of 16 and 30 years of age, upon conviction of any crime punishable *47 by imprisonment in State Prison, who has not previously been sentenced to State Prison, may instead be committed to the New Jersey Reformatory at Bordentown. See also R.S. 30:4-151 as to the Annandale Reformatory. The provision presently calling for statutory construction, N.J.S.A. 30:4-148, is as follows:
"The courts in sentencing to the reformatory shall not fix or limit the duration of sentence, but the time which any such person shall serve in the reformatory or on parole shall not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than five years; provided, however, that the court, in its discretion, for good cause shown, may impose a sentence greater than five years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence so imposed. The term may be terminated by the board of managers in accordance with its rules and regulations formally adopted."
Here, since no term greater than five years was specified by the sentencing judge, the proviso is not pertinent.
The petitioner argues that since by statute the reformatory sentence is limited to the maximum term for the crime or to five years, the court has no jurisdiction to sentence for consecutive terms, and also that such sentencing is repugnant to the theory of rehabilitation. We do not agree with either argument.
First, it is clear that N.J.S.A. 30:4-148 contemplated sentencing for one crime, and hence is couched in terms of reference to a single crime. This does not necessarily mean that the Legislature intended to prohibit a subsequent sentence to a reformatory provided the statutory requirements are met. The imposition of consecutive terms is not repugnant to the legislative policy of rehabilitation.
Offenders like the present petitioner are sentenced to the reformatory in the hope that the associations there, being less contaminating than in State Prison, will, by suitable treatment and training, more likely foster rehabilitation. The theory is that placing the offender in a reformatory offers a better opportunity of social rehabilitation of the *48 individual. If he responds favorably his sentence may at any time be terminated by the board of managers in accordance with its rules and regulations. N.J.S.A. 30:4-148. But, if, on the contrary, the board finds him incorrigible, the welfare of society requires that interest in his secure confinement supersede interest in his reformation as an individual, and he may then be transferred to State Prison to serve out his full sentence. N.J.S.A. 30:4-85. Here the petitioner might have originally been sentenced to State Prison for consecutive terms, and he cannot complain when, because of his own misconduct, that sentence now falls upon him.
The trial judge pointed out in his opinion that if there may not be a second consecutive reformatory sentence, the statute might be construed by sentencing judges inimically to rehabilitation in that, should the court on a second conviction sentence the defendant to State Prison, he would not have the benefit of the objectives which the Legislature provided by permitting sentence to the reformatory. No harmful effect need result from the practice of imposing a second reformatory sentence, since both the consecutive reformatory sentence as well as the original sentence may at any time be terminated when in the discretion of the board of managers the prisoner's conduct so warrants. Cf. Perry v. Martin, 73 N.J.L. 310 (Sup. Ct. 1906); In re Hodge, 17 N.J. Super. 198 (Cty. Ct. 1951), affirmed 24 N.J. Super. 564 (App. Div. 1953).
The statute before us contains no restrictive provision against consecutive reformatory sentences; had the Legislature so intended, it could have explicitly so provided. We are of the opinion that the result arrived at by the trial judge was correct. Affirmed.