104 N.J. Super. 304 (1969)
250 A.2d 24
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN AMMIRATA, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1968.
Decided January 29, 1969.
*305 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Gerald T. Foley, Jr., Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Arthur J. Timins, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney; Mr. Henry W. Jaeger, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was convicted of unlawful possession of narcotics contrary to N.J.S.A. 24:18-4 and was sentenced to "an indeterminate term in the New Jersey Reformatory for Males, for not less than a period of two years," plus a fine of $25. He challenges the sentence as improper, arguing that, under N.J.S.A. 30:4-148, a sentence to the reformatory may not impose a minimum period of detention, and therefore his sentence should be corrected by eliminating the minimum.
N.J.S.A. 24:18-47(c) (1) provides that the punishment for the illegal possession of narcotics shall be "for a first offense, by a fine not exceeding $2,000 and by imprisonment, with hard labor, for a term of not less than 2 years nor more than 15 years." On the other hand, N.J.S.A. 30:4-148 provides:
*306 "The courts in sentencing to the reformatory shall not fix or limit the duration of sentence, but the time which any such person shall serve in the reformatory or on parole shall not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than five years; provided, however, that the court, in its discretion, for good cause shown, may impose a sentence greater than five years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence so imposed. The term may be terminated by the board of managers in accordance with its rules and regulations formally adopted."
The State argues that N.J.S.A. 24:18-47(c) (1) makes a two-year minimum mandatory, no matter where the sentence is to be served. Defendant, on the other hand, contends that when the commitment is to the Reformatory for Males, N.J.S.A. 30:4-148 forbids the fixing of a minimum; that if a judge wishes to impose a minimum he may do so only with a minimum-maximum sentence, but in that case the commitment may not be to the reformatory, and when the minimum of a minimum-maximum sentence is to be two years, the commitment must be to State Prison. N.J.S. 2A: 164-15; cf. N.J.S.A. 30:4-155. Therefore, says defendant, his commitment being to the reformatory, the two-year minimum is void and should be expunged from his sentence. Furthermore, says defendant, if the two-year minimum is here upheld, he will be prejudiced for the following reasons. First, says he, one sentenced to a reformatory is not entitled to the credits for work time and good behavior which the statutes give to those sentenced to other correctional institutions under a minimum-maximum sentence; therefore, defendant will have to serve the full two-year minimum before he can be eligible for parole, while those sentenced to the reformatory for offenses other than those pertaining to narcotics are eligible for parole at any time chosen by the board of managers of the reformatory, which, theoretically, may be within a week or a month after commitment. Cf. In re Nicholson, 69 N.J. Super. 230, 233 (App. Div. 1961). Second, defendant points out that *307 the judge first sentenced him to the reformatory for not less than two years and not more than two years, thus indicating that he did not wish defendant to be imprisoned for more than two years, yet now he is subject to a five-year maximum without the corresponding benefit, to which he says he is entitled, of no minimum. He suggests that the judge changed the sentence to the one now under attack because he thought that N.J.S.A. 30:4-148 prevented him from imposing a maximum of less than five years in the reformatory, even though N.J.S.A. 24:18-47 permits a lesser maximum, and yet he imposed the minimum mentioned in the latter statute without regard to the fact that N.J.S.A. 30:4-148 forbids a minimum. Therefore, says defendant, he is worse off in the reformatory than he would have been in State Prison under the judge's original sentence, even though it is admitted that the sentencing judge meant to benefit defendant rather than to hurt him. (Defendant admits that a minimum-maximum sentence in which the minimum and maximum are the same is invalid, and therefore the original two to two sentence was improper, but he argues that the judge's attitude showed that, if that had been the only problem, the minimum-maximum sentence would have been rectified by the judge by a slight addition to the maximum.)
We find that N.J.S.A. 30:4-148 and N.J.S.A. 24:18-47 do conflict. How can they be reconciled? Three possible constructions may be suggested: (1) narcotics violators may not be sentenced to the reformatory, (2) they may be sentenced to the reformatory for the minimum required by N.J.S.A. 24:18-47(c) (1), as urged by the State, or, (3) as defendant argues, they may be sentenced to the reformatory, but in that case no minimum may be fixed.
We reject the proposition that the Legislature intended that no 24:18-47 defendants be committable to a reformatory. The 1965 Interim Report of the Legislature's Narcotic Drug Study Commission shows that the Legislature knew that many of the inmates of the reformatories were *308 violators of the narcotic laws. There is nothing to indicate that the Legislature disapproved of their being placed there. Had the Legislature intended that such defendants no longer be committed to a reformatory, we are certain that the Legislature would have said so plainly. In fact, the Legislature not only would have had to say so plainly but it would have been compelled to amend, at least, N.J.S.A. 30:4-155. Otherwise, if N.J.S.A. 24:18-47 were construed to forbid commitment to a reformatory, there would be no place to which female narcotic violators could be committed.
It may be argued that the words "with hard labor" in 24:18-47 indicates the commitment must be to State Prison. That once may have been the law, State v. Gray, 37 N.J.L. 368 (Sup Ct. 1875); Gibbs and Stanton v. State, 45 N.J.L. 379, 385 (Sup. Ct. 1883), affirmed 46 N.J.L. 353 (E. & A. 1884), but it is no longer, N.J.S. 2A:164-15; N.J.S.A. 30:4-147; see also Bindernagle v. State, 61 N.J.L. 259, 263 (E. & A. 1897).
We reject defendant's argument that no minimum may be fixed if the commitment is to the reformatory, for that would ignore the plain direction of N.J.S.A. 24:18-47 to impose a minimum. It must be noted that N.J.S.A. 24:18-47 was amended three times (L. 1952, c. 90; L. 1964, c. 293; L. 1966, c. 313) between the date of the enactment of N.J.S.A. 30:4-148 (L. 1951, c. 335) and the date of defendant's offense. That being so, we must obey N.J.S.A. 24:18-47. Therefore, we hold that every commitment, whether it be to a reformatory or any other correctional institution, must be for the minimum fixed by 24:18-47.
We are informed by the Department of Institutions and Agencies that, following the adoption of N.J.S.A. 24:18-47, it concluded that when a minimum was fixed thereunder in the commitment to a reformatory, the sentence, in effect, became a minimum-maximum sentence, the maximum being five years (or greater, if the judge so ordered). Therefore, as the Department, through Deputy Attorney General Urbaniak, wrote us on January 15, 1969:
*309 "Since the imposition of the 2-year minimum on an indeterminate reformatory sentence having a 5-year maximum became, for all intents and purposes, a minimum-maximum sentence, it was determined that the State Parole Board had jurisdiction under R.S. 30:4-123.5 where it is said:
`It shall be the duty of the board to determine when, and under what conditions, subject to the provisions of this act, persons now or hereafter serving sentences having fixed minimum and maximum terms or serving sentences for life, in the several penal and correctional institutions, of this state may be released upon parole.'

* * * * * * * *
I might add that when a prisoner under R.S. 24:18-47, having a sentence of 2 to 5 years, is received he is given the commutation time for good behavior credits contemplated by R.S. 30:4-140 and work time credits under R.S. 30:4-92 and this for the simple reason that the legislature did not prohibit the grant of these credits under R.S. 24:18-47 as it did with precise language in N.J.S.A. 2A:164-10 relating to sex offenders * * *."
We understand also that the State Parole Board applies N.J.S.A. 30:4-123.10 to such sentences.
We conclude that the Department's reconciliation and implementation of the statutes are correct. And, because of the practice followed by the Department, defendant has not been prejudiced by being sentenced to the reformatory rather than to State Prison.
Affirmed.