107 N.J. Super. 96 (1969)
257 A.2d 121
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES PALLITTO, III, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1969.
Decided October 2, 1969.
*97 Before Judges KILKENNY, LABRECQUE and LEONARD.
*98 Mr. Daniel R. Coburn, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley Van Ness, Public Defender, attorney).
Mr. Robert Podvey, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Prosecutor of Essex County, attorney).
The opinion of the court was delivered by KILKENNY, P.J.A.D.
Defendant appeals from an order denying his motion to correct an allegedly illegal sentence.
He was originally tried before a jury and found guilty of illegal possession of a narcotic drug. For this offense he was sentenced on May 25, 1966 to a term in State Prison of not less than two nor more than three years. Execution of the sentence was suspended and he was placed on probation for three years and ordered to pay $5 weekly until a fine of $250 was paid. As a result he actually served no time in State Prison on this conviction.
He violated the conditions of probation by being convicted on September 28, 1966 of possession of barbiturates, "being under the influence of barbiturates" and failing to register for 90 days in the Essex County Penitentiary. He was sentenced for one year to the penitentiary.
On October 21, 1966 defendant pleaded guilty to a violation of the probation conditions of the original sentence of May 1966. As a result he was sentenced anew. The new sentence committed him to Bordentown Reformatory for a minimum period of two years and imposed the same fine. The commitment was to be concurrent with the balance of the term he was serving in the Essex County Penitentiary. It is this new sentence imposed because of violation of probation conditions which defendant alleges was illegal.
Defendant's first contention is that his sentence to Bordentown Reformatory is illegal under N.J.S.A. 30:4-147. That section provides:
*99 Any male person between the ages of 15 and 30 years, who has been convicted of a crime punishable by imprisonment in the State Prison, who has not been previously sentenced to State Prison in this State, or in any other State, may be committed to the reformatory Emphasis added).
From this language defendant argues that, since he was originally "sentenced" to State Prison for the offense, he may not thereafter be committed to the reformatory.
We do not agree with that interpretation of the statute in its relation to the facts herein. The purpose of this legislation was to restrict commitments to a reformatory to those who had not been previously sentenced to and confined in State Prison, so that the institution's rehabilitative function as a "reformatory" would not be obstructed by the presence of former State Prison inmates of the recidivist type. See Ex parte Zienowicz, 12 N.J. Super. 563 (Cty. Ct. 1951); In re Nicholson, 69 N.J. Super. 230, 237 (App. Div. 1961); and Report of the Prison Inquiry Commission to the Governor and Legislature, January 1, 1918, where reference is made to "less hardened criminals."
"The reason of the enactment prevails over the literal sense of terms * * * and the intention is to be taken or presumed according to what is consonant to reason and good discretion." State v. Spindel, 24 N.J. 395, 402-403 (1957). The statute in question uses the word "sentenced" to State Prison. Though defendant was theoretically "sentenced" to State Prison originally, that sentence was "suspended," so that he was never actually incarcerated therein and exposed to the potentially baleful influence of hardened criminals confined therein.
Upon imposing a sentence for violation of probation, the trial judge was free to "impose any sentence which might originally have been imposed." N.J.S.A. 2A:168-4. Therefore, the trial court acted within its powers and discretion when it decided herein that defendant's youth then justified a commitment to a reformatory with the idea that potential rehabilitation in that type of institution was the more desirable *100 course to pursue. That sentence could have been originally imposed.
Defendant's second claim of illegality in the sentence is that the sentencing judge, in sending him to the reformatory for an indeterminate maximum term, fixed a minimum term of two years. State v. Ammirata, 104 N.J. Super. 304 (App. Div. 1969), is dispositive of this contention. We there held that every reformatory commitment for illegal possession of narcotics must be for the two-year minimum fixed by N.J.S.A. 24:18-47(c) (1), despite the language of N.J.S.A. 30:4-148.
Defendant's final point is that his present sentence is illegal because it arbitrarily subjects him to a two-year increase over his original maximum sentence. Reference is made to the fact that a reformatory confinement, other than in a homicide case where it may be longer, could result in a maximum period of five years. This is opposed to the original maximum of three years in the State Prison sentence. We find no substantial merit in this point. As noted above, when a defendant is sentenced anew for violation of probation, N.J.S.A. 2A:168-4 authorizes the imposition of "any sentence which might originally have been imposed." The old sentence is no longer binding upon the sentencing judge, although it may be reimposed within the court's discretion. For violation of probation an increased sentence is permitted. See In re White, 18 N.J. 449 (1955); State v. Driesse, 95 N.J. Super. 491, 494 (App. Div. 1967). See, also, Remer v. Regan, 104 F.2d 704 (9 Cir. 1939), cert. den. Regan v. Remer, 308 U.S. 553, 60 S.Ct. 105, 84 L.Ed. 465 (1939).
The order under review is affirmed.