114 N.J. Super. 146 (1971)
275 A.2d 161
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR C. HOPSON, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1971.
Decided March 16, 1971.
*147 Before Judges KILKENNY, HALPERN and LANE.
Mr. Herbert I. Waldman, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, Attorney; Mr. Gerald T. Foley, Jr., Deputy Public Defender, of counsel and on the brief).
Mr. Joseph A. Fusco, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, Attorney; Mr. David S. Baime, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Defendant pleaded guilty to an indictment for possession of heroin (N.J.S.A. 24:18-4). He was sentenced to the New Jersey Reformatory for Males at Yardville for a minimum term of 3 years and fined $25. He appeals contending that the sentence was illegal and excessive.
The initial contention that the sentence was illegal is based upon N.J.S.A. 30:4-148, which provides that a sentence to the reformatory may not impose a minimum *148 period of detention. This point has been decided adversely to the defendant in State v. Pallitto, 107 N.J. Super. 96 (App. Div. 1969), certif. den. 55 N.J. 309 (1970), and State v. Ammirata, 104 N.J. Super. 304 (App. Div. 1969).
Defendant further argues that at any rate the imposition of a 3 year minimum to the commitment to the reformatory is illegal.
N.J.S.A. 30:4-148 deals with sentences to the reformatory:
The courts in sentencing to the reformatory shall not fix or limit the duration of sentence, but the time which any such person shall serve in the reformatory or on parole shall not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than five years; provided, however, that the court, in its discretion, for good cause shown, may impose a sentence greater than five years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence so imposed. The term may be terminated by the board of managers in accordance with its rules and regulations formally adopted.
N.J.S.A. 24:18-47 establishes the punishment for narcotic violations. In part it provides:
Any person as in this chapter defined * * *
(c) Who violates any other provision hereof shall be guilty of a high misdemeanor and shall be punished as follows:
(1) for a first offense, by a fine not exceeding $2,000.00 and by imprisonment with hard labor, for a term of not less than 2 years nor more than 15 years; * * *
This court in State v. Ammirata, supra, discussed the relationship between N.J.S.A. 30:4-148 and N.J.S.A. 24:18-47(c)(1):
We find that N.J.S.A. 30:4-148 and N.J.S.A. 24:18-47 do conflict. How can they be reconciled? Three possible constructions may be suggested: (1) narcotics violators may not be sentenced to the reformatory, (2) they may be sentenced to the reformatory for the minimum required by N.J.S.A. 24:18-47(c)(1), as urged by the State, or (3) as defendant argues, they may be sentenced to the *149 reformatory, but in that case no minimum may be fixed. [104 N.J. Super. at 307]
The Court adopted the second of the three possible constructions, stating:
We reject defendant's argument that no minimum may be fixed if the commitment is to the reformatory, for that would ignore the plain direction of N.J.S.A. 24:18-47 to impose a minimum. It must be noted that N.J.S.A. 24:18-47 was amended three times (L. 1952, c. 90; L. 1964, c. 293; L. 1966, c. 313) between the date of the enactment of N.J.S.A. 30:4-148 (L. 1951, c. 335) and the date of defendant's offense. That being so, we must obey N.J.S.A. 24:18-47. Therefore, we hold that every commitment whether it be to a reformatory or any other correctional institution, must be for the minimum fixed by 24:18-47. [Emphasis supplied.] [104 N.J. Super. at 308]
It is accepted as a matter of legislative policy that the control of offenders who may be sentenced to a reformatory under N.J.S.A. 30:4-147 lies "in correction and rehabilitation, rather than retribution." State v. Horton, 45 N.J. Super. 44, 46 (App. Div. 1957). The theory behind N.J.S.A. 30:4-148 is to allow discretion to the Board of Managers to terminate a sentence if the offender responds favorably to social rehabilitation. State v. Horton, supra, at 46-47. Such an enlightened program is seriously interfered with when minimum sentences can be fixed at the discretion of the Court. In sentencing under N.J.S.A. 24:18-47(c)(1) a minimum sentence of 2 years is required, not because of the discretion of the Court, but rather because of the legislative mandate. We do not read N.J.S.A. 24:18-47(c) (1) to allow any more interference with the social philosophy behind reformatory confinement than absolutely required.
The sentencing Court had no discretion in the matter. In sentencing the defendant to the reformatory, it was required to impose a 2 year minimum. The minimum can be neither more nor less than the 2 years mandated by the legislature.
The sentence, therefore, was illegal because of the 3 year minimum imposed. We will exercise our original jurisdiction *150 and sentence the defendant to the Youth Reception and Correction Center, Yardville, for a minimum of 2 years and impose a fine of $25.
Defendant further argues that the sentence, even though it may be reduced to a 2 year minimum as we have done, would be excessive. We have carefully considered the presentence report. We are firmly of the opinion that the sentence which we have imposed is reasonable, particularly in view of the well recognized horrendous effect that heroin has upon an individual and upon our society.
The judgment of conviction is modified to provide that defendant be sentenced to the Youth Reception and Correction Center, Yardville, for a minimum of 2 years and fined $25.
HALPERN, J.A.D. (dissenting).
Unquestionably, a conflict exists between N.J.S.A. 30:4-148 and N.J.S.A. 24:18-47. Under the former statute, a minimum may not be fixed when sentencing to a reformatory. Under the latter statute, when sentencing a first offender under the Uniform Narcotic Drug Law, it is mandatory to impose "* * * a fine not exceeding $2,000 and [by] imprisonment with hard labor, for a term of not less than 2 years nor more than 15 years; * * *."
In Ammirata, supra, the court held that a reformatory sentence for a narcotic drug violation "must be for the minimum [2 years] fixed by 24:18-47." It reconciled the patent conflict between 30:4-148 and 24:18-47 by theorizing that the Legislature, by its silence in subsequent amendments to 24:18-47, expressed its intent to have the mandatory minimum under 24:18-47 supersede the prohibition on imposing minimum sentences under 30:4-148. See State v. Lavender, 113 N.J. Super. 576 (App. Div. 1971) where Ammirata was discussed, and held inapplicable to a bookmaking sentence under N.J.S.A. 2A:112-3, and that N.J.S.A. 30:4-155 mandated that sentences to Clinton Reformatory for Women could not contain a minimum term.
*151 The Ammirata result was adopted in Pallitto, supra, and is being followed by the majority of this court. In my mind such construction is unwarranted. It is contrary to the approved and recognized philosophy that reformatory sentences are designed to correct and rehabilitate the offender, rather than to seek retribution. Horton, supra; see American Bar Association Standards, Approved Draft, 1968, Sentencing Alternatives and Procedures § 3.2.
The Legislature provided that only persons between the ages of 15 and 30 are eligible for confinement to a reformatory, if convicted of an offense punishable by imprisonment in the State Prison, and if never previously confined in a State Prison. (N.J.S.A. 30:4-147). Unquestionably, the Legislature, for about 70 years has felt that such persons had a better chance to be rehabilitated under an indeterminate sentence and returned to society as a useful member thereof, than persons not in that category. In re Marlow, 75 N.J.L. 400 (S.Ct. 1907). If the Legislature intended to break away from this long-standing philosophy of reformatory sentencing, it would have done so by specifically creating an exception in narcotic offenses. This is precisely what it did in enacting N.J.S.A. 2A:168-1, wherein it empowered courts to generally suspend prison sentences imposed except for violations of the Uniform Narcotic Drug Law (N.J.S.A. 24:18)  with the further exception that the sentences of first narcotic offenders could be suspended.
With due respect to the courts in Ammirata and Pallitto, and the majority of this court, I do not believe the Legislature intended to mandate a two year minimum when imposing a reformatory sentence under N.J.S.A. 24:18-47(c) (1). I see no objection, legal or otherwise, to the court in the instant case imposing an indeterminate reformatory term without a minimum. We must assume that the Board of Managers of the reformatory is cognizant of the Legislature's intent as expressed in N.J.S.A. 24:18-47 and would consider it in granting parole, as well as the best interests of *152 the defendant and the public. Such construction is more compatible with the aims and purposes of the Legislature.[1]
If my views are erroneous, and the majority's determination that the sentence must be for a two year minimum is correct, then I see nothing illegal in the three year minimum imposed on defendant. N.J.S.A. 24:18-47(c)(1) mandates a term of "not less" than two years  if a minimum must be imposed, then such minimum may be more than two years, and the three year minimum imposed on defendant was valid.
I would modify the reformatory sentence so as to make it indeterminate pursuant to N.J.S.A. 30:4-148, without fixing a minimum.
NOTES
[1] Ammirata was decided in January 1969. On inquiry made of the Superintendent of the Youth Reception and Correction Center at Yardville, where all males sentenced to a Reformatory are processed, I was advised that despite Ammirata, for the calendar years 1969 and 1970, of 847 males sentenced to reformatories for narcotic violations only 461 were given minimum sentences. This means that 46% were not given minimum sentences. This results in not only lack of uniformity in reformatory sentencing and processing, but in different and probably unequal treatment in releasing prisoners. Prisoners confined with stated minimums can be released only by the State Parole Board pursuant to its rules. N.J.S.A. 30:4-123.5 and N.J.S.A. 30:4-123.10. Prisoners confined for indeterminate terms, without stated minimums, are eligible for release by the institution's Board of Managers from the day they are confined. N.J.S.A. 30:4-148, N.J.S.A. 30:4-106 and N.J.S.A. 30:4-113.