114 N.J. Super. 513 (1971)
277 A.2d 410
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LULU MACK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1971.
Decided May 14, 1971.
*514 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Thomas E. Bracken, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Joseph A. Fusco, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from a conviction for possession of narcotics. She was sentenced to a minimum term of five years at the Clinton Reformatory and fined $25.
The Public Defender made a pretrial motion to suppress upon the assumption that the search of the apartment had been made without a warrant. When it developed that in fact a warrant had been issued, the Public Defender made *515 an unsuccessful application for an adjournment. It is unnecessary to consider the argument that the trial court should have granted the requested adjournment since we will consider defendant's argument as to the alleged insufficiency of the affidavit on the merits.
Defendant argues that the affidavit for the search warrant does not demonstrate probable cause. The affiant, a detective of the Newark Police Narcotics Squad, recites that he had been involved in narcotic investigations and related arrests made during a period spanning over three years. After expressing his belief that narcotic activity was being carried on by Lulu Mack at 568 High Street, first floor apartment, the affiant states the following reason for this conclusion:
1. I have received the information from a reliable source and also from an informant who has proved reliable in the past that a Lulu Mack, narcotic registrant #1819, registered at 233 Bergen St. is selling narcotic drugs from 568 High St. 1st floor front apartment, City of Newark in violation of R.S. 24:18-4.
2. The undersigned in company with Detective Frank Petrillo surveilled the premises at 568 High St. on the following dates: August 18, 1969 from 12:45 PM to 1:15 PM, August 19, 1969 from 2:45 PM, to 3:30 PM, August 20, 1969 from 11:00 AM to 12:15 PM, and on August 21, 1969 from 9:15 AM to 10:30 AM. During these times known narcotic offenders observed entering and leaving these premises were: Oliver Caldwell, narcotic registrant #875, Charles Brooks, narcotic registrant #2146, Joshiah Widman, narcotic registrant # 193 and Shirley Edwards, narcotic registrant #2072.
Based on this affidavit the magistrate issued the warrant to search the apartment.
We conclude that under the rationale of State v. Mercurio, 113 N.J. Super. 113 (App. Div. 1970), aff'd o.b. 57 N.J. 367 (1971), and State v. Kasabucki, 52 N.J. 110 (1968), the affidavit provided an adequate basis for the finding of probable cause and the issuance of the warrant.
The observations on surveillance overcome the limitations of and lend credence to the information received from the informers. Cf. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Whiteley v. Warden, *516 Wyoming State Penitentiary, 401 U.S. ___, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).
In State v. Ebron, 113 N.J. Super. 152 (App. Div. 1971), another part of this court held that an affidavit substantially similar to the affidavit in this case was insufficient under Spinelli. However, the decision in Mercurio which was decided a few days later is controlling.
We find no plain error in the comments on the evidence made by the trial court during the course of its charge. Nor do we perceive any error in permitting the police officer to testify as to surveillance of the premises made on days prior to the raid.
We deem it desirable to consider also under the plain error rule a point raised after completion of the oral argument concerning the validity of the sentence imposed in this case.
Defendant urges that the minimum five year reformatory sentence contravenes the provisions of N.J.S.A. 30:4-148 because that statute prohibits the setting of any minimum term in sentences to the reformatory. That provision reads as follows:
The courts in sentencing to the reformatory shall not fix or limit the duration of sentence, but the time which any such person shall serve in the reformatory or on parole shall not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than five years; provided, however, that the court, in its discretion, for good cause shown, may impose a sentence greater than five years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence so imposed. The term may be terminated by the board of managers in accordance with its rules and regulations formally adopted.
In State v. Hopson, 114 N.J. Super. 146 (App. Div. 1971), following earlier decisions of this court, it was held that notwithstanding the language of N.J.S.A. 30:4-148, when the conviction was for a narcotics offense sentence was controlled by N.J.S.A. 24:18-47. That statute (N.J.S.A. 24:18-47) mandates imprisonment for a term of not less *517 than 2 nor more than 15 years for a first such offense, and even if the sentence is to the reformatory, the 2-year minimum must be imposed. That minimum can be no more or less. Cf. State v. Lavender, 113 N.J. Super. 576 (App. Div. 1971).
Hopson requires that the minimum term of five years in this case be set aside. The sentence as imposed cannot be justified, as the State now argues, on the basis that defendant was not a first offender. The State did not seek to invoke the notice procedures required for treatment of defendant as a habitual offender. See N.J.S.A. 24:18-47(c) and State v. Tyler, 88 N.J. Super. 396, 402 (App. Div. 1965), cert. denied 384 U.S. 992, 86 S.Ct. 1898, 16 L.Ed.2d 1008 (1966). Although the record reveals that defendant was convicted for two prior narcotics offenses, the trial judge made no reference to the earlier convictions and did not sentence defendant as a multiple offender.
The question arises whether we should exercise our original jurisdiction and impose the sentence or remand the matter to the trial court for resentencing. Arguably, since the trial judge imposed a term requiring confinement for at least five years, he might have imposed a maximum term for more than five years in accordance with the provision contained in N.J.S.A. 30:4-148 had he been aware of the limitation on his sentencing powers later enunciated in Hopson. Although the trial judge (who also imposed the sentence) has now retired, rather than exercise our original jurisdiction we deem it more appropriate that the matter be remanded to the trial court for resentencing. If the State seeks to sentence defendant as a prior offender under N.J.S.A. 24:18-47(c), notice thereof must be given as required by N.J.S.A. 2A:85-13. See State v. Tyler, supra.
Since Hopson is presently on appeal to the Supreme Court, either party shall have the right to apply for further correction or modification of the sentence in accordance with the ultimate ruling of the Supreme Court in that case.
Affirm except as to sentence; remand for resentencing.