115 N.J. Super. 373 (1971)
279 A.2d 885
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR HENRY FISHER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1971.
Decided July 7, 1971.
*375 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Arthur Penn, First Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; defendant pro se on supplemental brief).
Mr. Richard J. Jubanyik, designated counsel, argued the cause for respondent (Mr. A. Donald Bigley, Prosecutor of Camden County, attorney).
*376 The opinion of the court was delivered by LEWIS, P.J.A.D.
Defendant Arthur Henry Fisher appeals from an order of the Camden County Court which denied his petition for postconviction relief from an allegedly illegal sentence imposed on August 30, 1968.
The record reveals these relevant facts: On May 25, 1967 defendant was sentenced by the Camden County Court on a guilty plea to an indictment charging him with breaking and entering with intent to steal and attempted larceny, respectively in violation of N.J.S.A. 2A:94-1, N.J.S.A. 2A:85-5 and N.J.S.A. 2A:119-2. At the time of sentencing, notwithstanding defendant's lengthy criminal record, the sentencing judge remarked that he was going to give defendant "a break," saying: "I am going to take a chance on you, Mr. Fisher, because I think you were drunk at the time you committed this crime, and you told me you are going to stop drinking." The imposition of sentence then followed:
* * * I am going to sentence you to nine months in the County Jail, and give you credit for what you have served. You have actually served, as I compute it from the information before me  you went to jail on August the 8th. So, it's approximately nine months and eighteen days that you have spent in jail. You are to have credit for the time you spent in jail, which means you have served the sentence.
Further, I am going to place this man * * * on two years' probation. The sentence has been served, and there will be two years' probation.
Defendant violated probation, and, at a hearing on that charge, probation was revoked. Defendant was then sentenced to a term of five to seven years in State Prison. Immediately following that pronouncement, this outburst occurred:
THE DEFENDANT: For what? You can't given me no more than two years no matter what way you look at it.
Don't worry, Sport, I'm going.
You must be insane. You ain't even a Judge for Christ's sake. You call yourself a Judge?
*377 THE COURT: Now, say that remark here.
THE DEFENDANT: You can't sentence me to five or seven years. I know that much about the law.
THE COURT: Take him away.
THE DEFENDANT: You're a Judge, my ass. You don't know the law. You can't possibly give me more than two years. Are you nuts? And I only got six months of probation.
I'll go.
You'll see how long you live. Man, five to seven years for Christ's sake.
The sentencing judge might well have cited defendant for contempt but he did not do so. At this juncture, it should be noted that where probation has been revoked the court may impose a sentence greater than that initially suspended so long as the new sentence does not exceed that which could originally have been imposed, State v. Pallitto, 107 N.J. Super. 96, 100 (App. Div. 1969), certif. den. 55 N.J. 309 (1970)  here seven years, N.J.S.A. 2A:85-6.
On appeal defendant contends that the original judgment of probation was void, and consequently the subsequent resentencing, after a purported violation of probation, was illegal. The arguments run that (1) the original sentence had been fully executed upon the court's indication that defendant had served the sentence by having been incarcerated for over nine months pending trial, and (2) "since nothing in the record reveals an intention to suspend the sentence * * * it must be concluded that the judgment of probation was void" and the sentence was executed.
At common law "there could not be suspension of part of a sentence nor a fragmentary imposition of sentence." Adamo v. McCorkle, 26 N.J. Super. 562, 567 (App. Div.), rev'd o.g. 13 N.J. 561 (1953), cert. den. 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1080 (1954). Consequently, if a sentence was to be suspended, it had to be suspended in its entirety. State v. Braunstein, 5 N.J. Misc. 243, 136 A. 199 (Sup. Ct. 1927). By statute, however, our courts are now empowered to impose a sentence whereby a defendant may be required "to serve a designated part of such sentence in *378 [any county jail, penitentiary or workhouse], and, thereafter, after having been given credit for days remitted, if any, to be released on probation." N.J.S.A. 2A:164-16. This statute also provides that upon violation of the terms of probation, the court may "resentence such person to such jail, penitentiary or workhouse for the remaining portion of the sentence originally pronounced."
In this respect, a partially suspended sentence under N.J.S.A. 2A:164-16 (providing for custodial detention in a county facility) apparently differs from a complete suspension in that upon a violation of the terms of the latter our law permits the sentencing court to impose a greater custodial sentence than that suspended, provided that the new sentence does not exceed that which could originally have been imposed. In re White, 18 N.J. 449 (1955); State v. Pascal, 133 N.J.L. 528, 533 (Sup. Ct. 1946), aff'd o.b. 1 N.J. 261 (1949); Pallitto, supra, 107 N.J. Super. at 100; State v. Louis, 97 N.J. Super. 35, 40 (App. Div. 1967); State v. Driesse, 95 N.J. Super. 491, 494 (App. Div. 1967). See N.J.S.A. 2A:168-4, the statute upon which this rule is based, which provides in pertinent part that upon revocation of probation the court "may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed." (Emphasis added).
In the instant matter neither of the foregoing rules for resentencing are applicable because the original sentence was improper for at least two different reasons. Firstly, the sentence was totally ambiguous with respect to the time and the manner in which it was to be served. That being so, it was illegal and hence correctible at any time. State v. Heslip, 99 N.J. Super. 97, 100 (App. Div.), certif. den. 51 N.J. 570, cert. den. 393 U.S. 928, 89 S.Ct. 265, 21 L.Ed.2d 265 (1968); Scarponi v. United States, 313 F.2d 950, 953 (10 Cir.1963); see R. 2:10-3. Secondly, giving conclusive effect to the sentencing judge's statement that he intended to impose a term of two years and nine months, Heslip, supra, 99 N.J. Super. at 102, the sentence would *379 have required a custodial term to be served in State Prison. N.J.S.A. 2A:164-15. That being the case, the failure to state a minimum and maximum term violated the mandate of N.J.S.A. 2A:164-17 and invalidated the sentence. State v. Janiec, 25 N.J. Super. 197, 200 (App. Div. 1953); State v. Moore, 21 N.J. Super. 419 (App. Div. 1952). But see State v. Cooper, 54 N.J. 330, 333-336 (1969), cert. den. 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970).
It is thus clear that the original sentence pronounced was improper. Therefore, the sentencing court's jurisdiction was not exhausted and, in fact, will not be exhausted until a valid sentence has been imposed. State v. Culver, 23 N.J. 495, 510-511, cert. den. 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed.2d 1441 (1957); State v. Minter, 55 N.J. Super. 562, 569-570 (App. Div. 1969); see R. 2:10-3; State v. Andrews, 105 N.J. Super. 62, 65-66 (App. Div. 1969), remanded 56 N.J. 372 (1970). Moreover, the possibility of increasing the severity of the sentence as originally pronounced is not affected by the problematical considerations attending resentencing after execution of the sentence has begun because, as the sentencing judge later indicated, the incarceration period pending trial was obviously not intended to be a complete satisfaction of the original sentence, and this notwithstanding the ambiguous language he employed. Note the discussions in Culver, Andrews and Minter, all supra; and State v. Weeks, 6 N.J. Super. 395, 399 (App. Div. 1950).
We conclude that the original sentence was improper and that what followed did not preclude its correction. However, the resentencing was defective because it failed to credit defendant with the time that he had previously served pending trial. R. 3:21-8; United States ex rel. Di Rienzo v. New Jersey, 423 F. 2d 224, 226 (3 Cir.1970). Compare State v. Allison, 81 N.J. Super. 390, 393-394 (App. Div. 1963).
Justice demands that the matter should be remanded for a corrected sentence. In the circumstances, the resentencing *380 procedure should be conducted before a sentencing judge other than the judge in whose presence defendant's contemptuous conduct had taken place.
Remanded for resentencing consistent with this opinion.